## Dooley et al. vs. Watkins.

An allowance and classification of a claim, by the probate court, is such a former re-
covery as, if pleaded, will bar an action upon the same claim in the circuit court.
The allowance and classification by the probate court, has the force and effect of a
judgment by our statute. *Governor, use, &c. vs. Outlaw et al.*, ante, affirmed.

Debt, determined by Hon. John C. P. Tollison, special judge,
in Pulaski circuit court, in December, 1843. Dooley and Karnes
sued Watkins, as administrator of A. L. B. Byrd, deceased. The
declaration contained but one count on a bond by the intestate to
the plaintiff's for $1,300. The declaration was in all respects,
technical and regular. Watkins appeared and craved oyer of the
writing sued on, which was granted by filing a copy, and there-
upon he pleaded in bar, "that on the 20th October, 1842, the
plaintiff exhibited and presented to said defendant, the writing ob-
ligatory in said plaintiff's declaration mentioned, duly authentica-
ted, for his approval and allowance, and said defendant did then
and there, when the same was so presented, approve and allow the
same, as a claim against said estate; and afterwards, to wit, on the
28th day of January, 1843, at a probate court begun and held in
and for said county of Pulaski, on Tuesday after the second Mon-
day in January, 1843, said writing obligatory declared, upon so
allowed, as aforesaid, was presented to said court for classification,
the same was then and there classed by said court of probate, in
the fifth class; a note whereof was made in the record of said
court of probate, containing the name of the claimants, and against
whose estate the same was exhibited, the amount thereof, its class,
and the date of filing the same, as by the record and proceed-
ings thereof, still remaining in said court of probate, of said county
of Pulaski, more fully and at large appears; which said allowance
and classification still remains in full force and effect, and not in
the least reversed, satisfied or made void," concluding with verifi-
cation and prayer for judgment.

To this, there was a demurrer because the plea showed no judgment
or decision upon the claim which could bar the action, or which showed
a former recovery thereon, and "because the said probate court had

Dooley et al *vs.* Watkins.

no power or authority to decide or determine said cause, so as to bar a future action upon said bond:" and because the plea was in other respects wholly informal and insufficient. The demurrer was over-ruled, and the plaintiffs replied to the plea. The case was submitted to the court sitting as a jury, who found for the defendant, and judgment was entered accordingly. The plaintiffs moved for a new trial, which was overruled, and they excepted, setting out all the evidence, which consisted of the writing sued on, and the whole record and proceedings in the probate court, as they were faithfully set forth in the defendant's plea. The case came here by writ of error.

*Cummins,* for plaintiffs. In this case, no judgment was rendered by the probate court. *Baker vs. The State,* 3 *Ark. Rep.* 491. And hence the plea constituted no bar.

By statute, (*sec.* 86 *tit. admr. Rev. Stat.*) the probate court can only *classify* claims allowed by administrator or executor.

The probate court can alone enter *judgment* where the administrator or executor refuses to allow the claim. *Sec.* 95 and 6 of same *ch. Rev. Stat.*

*Ashley & Watkins,* contra. The plaintiffs in error cannot avail themselves of the legal insufficiency of the plea at this stage of the case, since by replying they abandoned the demurrer. *Jarrett vs. Wilson,* 1 *Ark. Rep.* 137. But admitting that they could, this court, in the case of *Biscoe vs. Butts' administrator, decided at the last term,* held that an allowance of a claim in the probate court, would bar a future action in the circuit court.

The plea in this case sets forth every fact necessary to render an allowance in the probate court valid.

The only question that can arise upon this record, for the determination of the court is, whether the evidence supports the plea. The evidence shows that the claim was regularly probated, allowed, and notice waived by the administrator, and the entry in the record of the probate court, conforms in every particular to the requisitions of the 86*th sec. of the 4th ch. Rev. Stat.*

The substantial compliance with the statute in obtaining the allow-

Dooley et al. *vs.* Watkins.

ance would suffice—unless the allowance and proceedings had in the probate court were absolutely void, it would be sufficient—would conclude the parties, and could not be questioned collaterally.

*By the court,* LACY J.    The principal point to be decided in this cause, arises upon the sufficiency of the plea of former recovery upon the claim sued on before the probate court.    The defendant pleaded in bar a former recovery, to which the plaintiff took issue, and the enquiry now is, is it a good plea to defeat the action?    The facts are substantially, as set forth and contained in the plea, that the demand upon which the present action is brought, was exhibited before the commencement of the suit to the administrator, and that he endorsed thereon the approval of its justice, and that upon its presentation to the court of probate, an order was entered for its allowance, and it was directed to be classed according to its grade or dignity. The record of the proceedings in the probate court, are properly referred to in the plea.    The statute regulating the proceedings upon administration, directs the administrator or executor to approve the claims, and to endorse thereon the time it was exhibited, and to file the same in the office of the clerk of probate, who shall present the same, at the succeeding term after the filing, to the court for classification, and make a record of these facts.    Upon the presentation of these facts to the court of probate, the court shall make an order classifying the same, which the 96*th sec. Rev. Code, chap.* 4, declares shall have the force and effect of a judgment.    All the requisites of the statute have been substantially complied with in the present case, and although they have not been very accurately and artificially averred in the plea, they have nevertheless been set up in such manner and with sufficient certainty to create a good defence.    That the probate court has jurisdiction in this classes of cases, has been expressly decided in *Yell, &c. use of Conant et al. vs. Outlaw and others,* at the last term.    And as the judgment is still in full force and unreversed, it constituted a good bar as set up in the plea.    As the motion for a new trial turns exclusively upon this point, the court properly refused it.    Judgment affirmed.