Mr. Justice Scott delivered the opinion of the Court. It appears that the claim in question was allowed and classed by the Probate Court at the October term, 1843, and upon petition filed the 1st May, 1848, of certain creditors who complained that they were injured by this classification, the Probate Court made an order declaring it null and void and of no effect, and again allowing the claim and classing it in the fourth class instead of the third as originally classed. To this last order, Henry L. Biscoe, by leave of the Court filed a bill of exceptions and appealed to the Circuit Court, which, upon hearing, set aside the orders excepted to, and dismissed the petition upon which they were founded. It is insisted, that, inasmuch as the substance of what was done upon the petition was but to change the classification of the claim from the third to the fourth class, that this was within the competent powers of the Probate Court, although the term of that court had long before expired at which the original allowance and classification had been made, and consequently that the Circuit Court erred in its action in the premises. And to sustain this position, it is first put upon the ground of an amendment, and then a distinction is sought to be drawn between an allowance and a classification; the latter being supposed to be but a ministerial act, although the former may be judicial. As to the first of these two latter positions, it seems clear enough that the action of the Probate Court was not by way of amending its records to make them speak the truth, because there is no pretence at all that the claim in question was originally classed in the fourth class, but by clerical misprison was entered up as of the third, and therefore the case cited from 4 Eng. R. (p. 185) has no bearing. And the argument used to sustain the second' — that the statute imposed the duty of classification upon the executor or the administrator — proves equally that an allowance is also but a ministerial act, because the statute not only directs these representatives to class, but also to allow all such claims as they may be satisfied are just. Dig.,p. 128, secs. 87-8. These duties, thus imposed, are manifestly, as we think, but to produce data for the subsequent final action of the Probate Court as to'allowance and classification. And that this action is judicial and not ministerial, is plain enough when it is considered that it is in effect the “determination of a matter of right dependent upon matters of fact,” which is of the essence of the exercise of judicial powers: (Smith Com. on St. & Const. Law, p. 504, sec. 351,) and that it was so contemplated by the legislature, is in-ferable from the provisions of the statute declaring the legal effect of an allowance to be that of a judgment. (Dig.,p. 125, sec. 101.) Accordingly, this court held in Dooly et al. vs. Watkins, (5 Ark. 705,) that the allowance and classification of a claim in the Probate Court has the force and effect of a judgment, and may be pleaded as a former recovery in bar of an action upon the same cause of action in the Circuit Court. This doctrine being established, it follows that the action of the Probate Court, in the case before us, in May, 1848, although its legal effect, if it could be efficacious at all, would be but to change the classification, was not within its competent powers, but without them. Because, although the Probate Court is a superior court, it was quoad the allowance and classification of the claim not in the exercise of its general powers as a Court of Probate, but in the exercise of a limited jurisdiction conferred by statute, which it exhausted in its original action upon the claim by -then rendering what was, in legal effect,, a final judgment upon the subject matter regularly submitted to its -adjudication. And to sustain any subsequent assumed and excessive jurisdiction over the same subject matter by the aid of the general powers of the Probate Court, would be not unlike sustaining by the powers of a court of general jurisdiction, whose judgments as such, were alien upon all the defendant’s real estate in the county, a judgment of that same court rendered when but in the exercise of a limited statutory jurisdiction in rem, which judgment, although in terms it might be declared to be a lien on all the real estate in the county, could not in legal effect be made to extend beyond, ajien on the real estate proceeded for, because that was the extent of the special statutory jurisdiction in rem conferred upon and then in process of exercise by that court of general jurisdiction. (See the case of Boswell’s lessee vs. Otis et al., (which is based upon this distinction,) reported in 9 Howard (U.S.) R. 336, and is cited and commented upon in the dissenting opinion in Borden et al. vs. The State, use, &c., (6 Eng. R. 555-7.) And that this view is correct is sustained by the consideration that the doctrine is settled by repeated adjudications in this court, .that a proceeding in the Probate Court for the allowance of a claim, is a statutory proceeding that, in its result, is precisely equivalent to a judgment in an ordinary action in the Circuit Court, in favor of the claimant on that same claim. The court below, then, did not err in regarding the order in question as a nullity, but it, nevertheless, erred in setting it aside upon the appeal, because there was nothing to appeal from. And although an appeal will lay from the Probate to the Circuit Court on any final order of allowance and classification under the general provisions of the statute, approved the 4th Jan’y, 1849, (Pamph. Acts of 1849, p 59, sec. 1,) at the instance of any one interested, who will apply to the Probate Court, and be made a party to such orders, and then appeal under the provisions of tbe statute, still, in this case, there was nothing to appeal from. For this error, then, the judgment of the Circuit Court must be reversed, and the cause remanded with instructions to dismiss the appeal. The remedy of any party interested would be found in an original application to the Circuit Court for a certiorari to bring up and quash the order in question.