## WARE & MILLER VS. PENNINGTON ET AL.

A judgment in the words, " It is *ordered, adjudged* and *decreed*, by the Court," &c., is not a nullity; the words used being of fully equivalent import to the words, " It is considered," &c.

An agreement to assign a judgment against a third person, is a valuable consideration for a writing obligatory.

### *Error to Bradley Circuit Court.*

The Hon. J. C. MURRAY, Circuit Judge.

PIKE & CUMMINS, for the plaintiffs. *Baker vs. State*, (3 *Ark. Rep.* 491,) does not hold that a judgment is void, because it does not contain the word " considered." If equivalent terms are used—as " adjudged and decreed"—there would be a valid final judgment. *Dooley et al. vs. Watkins*, 5 *Ark. Rep.* 705; *Drexel's appeal*, 6 *Barr.* 272; *Haner's appeal*, 5 *Watts & Serg.* 473.

YELL, contra. Ware & Miller, by their agent, obtained the writing upon which this suit was founded, by deception, in this: they pretended to transfer to the defendants a good and valid judgment, obtained in the Bradley Circuit Court, in their favor, against Denarbus Pennington, when in fact the pretended judgment was a nullity in law, and could not be enforced. *Baker vs. The State*, 3 *Ark. Rep.* 491; 1 *Chitty's Black.* 312, 313.

Mr. Justice SCOTT delivered the opinion of the Court.

At the January term, 1851, the judgment before rendered in the Circuit Court was here reversed, and this cause remanded. (6 *Eng. R.* 745.) Upon its return into the Circuit Court, the demurrer to the second plea therein was confessed, and by leave of the Court the defendant filed four pleas.

1st. *Nil debet.*

2d. That the plaintiff, on the 26th of April, 1841, in Bradley Circuit Court, recovered, against Denarbus W. Pennington, a judgment for $204 82, and costs, and their agent, W. W. Dorris, agreed with defendant, I. H. Pennington, that if he would execute to plaintiff the instrument sued on, and procure security thereon, he, Dorris, as such agent, would in writing transfer and assign the judgment to said I. H. Pennington, and that neither said plaintiffs, nor their agent, did so assign the judgment, in consequence of which said I. H. never realized anything from the said judgment, and the same is now worthless, and defendants say the *contract* and *agreement* aforesaid was the whole and only consideration, for which the writing sued on was given; and that, therefore, the consideration has wholly failed.

3d. That the only consideration for the instrument sued on, was an agreement of Dorris, as the agent of the plaintiff, to assign to said Isaac H. a certain supposed judgment, rendered in Bradley Circuit Court, on the 26th of April, 1841, in favor of plaintiffs, against Denarbus W. Pennington, in the words and figures following, *to wit :* then is copied the style of the case referred to, in the form of the usual entry of judgment on record, stating the appearance of the parties, the empanelling and swearing a jury, their verdict for plaintiffs for $204 82, and the judgment of the Court thereon, in these words: "It is therefore ordered, adjudged and decreed by the Court, that the said plaintiff have and recover of and from the said defendants the sum of two hundred and four dollars and eighty-two cents, together with all the costs in and about this suit in this behalf expended." The plea then proceeds to say, "Said supposed judgment is a nullity, is no judgment at all, and not recoverable by law, and, therefore, the defendants say that the writing upon which this suit is founded, was executed by them without any consideration whatever.

4th. The general plea of no consideration.

The first of these four pleas was stricken out on motion of the plaintiff, because issue was already formed on one identical with it, and issue was taken on the fourth. To the second and third,

demurrers were interposed. The causes of demurrer to the second, were:

1st. It did not show a failure of consideration.

2d. No demand was alleged for the assignment.

The causes of demurrer to the third plea, were:

1st. It is contradictory and inconsistent.

2d. It shows a good consideration.

3d. It does not allege ignorance of the form or nature of the judgment, or that they were deceived or imposed upon.

4th It was in other respects informal and insufficient.

The Court below sustained the demurrer to the second plea, but overruled that to the third, and the plaintiffs declining to reply further, and electing to rest on their demurrer, final judgment was rendered against them, to reverse which, this writ of error was sued out.

The overruling of this demurrer, and the subsequent judgment against the plaintiffs, upon their declining to reply further, are the errors complained of. To support the action of the Court in the premises, it is insisted that the judgment, set out in the plea, is a nullity, and to sustain this proposition, the case of *Baker vs. The State of Arkansas, reported in* 3 *Ark. Rep.* 491, and a citation to Blackstone's Commentaries, are relied upon. That was a criminal case, and the defendant, Baker, was under sentence of imprisonment in the State penitentiary for five years. It is true, however, that there are no indications in the report of the case that these circumstances either had any controling influence in moulding the opinion of the Court, or that the doctrine it established was to be confined to criminal cases alone of such grade. The expressions used are general and sufficiently broad to embrace civil, as well as criminal, judgments. The case was, that in the recording of the sentence of the law against Baker, in pursuance of the verdict of the jury, the terms "ordered by the Court," were used. The ruling was that these were insufficient to express a judgment, and that the words " it is considered by the Court," were necessary, for the reason, as given, that a judgment is the sentence of

the law pronounced by the judges, as the organ of the law, and is not the Court's own judgment. So subtle and purely technical is this distinction, it is fair to presume, if the opinion is to be interpreted strictly, that the Court never designed it to apply to cases beyond those like that before them, and this is the more probable, because in the subsequent case of *Dooley el al. vs. Watkins,* (5 *Ark. Rep.* 705,) where the case of *Baker vs. The State,* was cited as authority, it was not noticed in the opinion of the Court delivered, nor its doctrine applied in that case to a judgment in the Probate Court. But, howsoever this may be, this case does not decide the question made in the case before us; that was a direct proceeding for reversal, and the Court, finding no final judgment from which an appeal would lie, awarded a writ of *procedendo,* that one might be entered up; and, it seems from a further report of the same case, in 4 *Ark. R.* 57, this was afterwards done *secundum artem,* and the defendant ultimately sentenced in pursuance of the original verdict. Had the question been brought up in a collateral proceeding, as upon *habeas corpus,* to deliver the defendant, Baker, from imprisonment in the penitentiary, instead of in a direct one, as it was, and in such a proceeding the supposed judgment had been held a nullity, it would have been a direct authority upon the question involved; provided it should be taken, that in *Baker vs. The State,* the Court meant to decide that no other words could be substituted for " *consideratum est per curiam.*" This latter conclusion, however, could not be fairly arrived at from any expression in the opinion, or from the generality of the expressions, when considered in reference to the precise facts of that case. In the judgment entry, pronounced by the Court, the word "ordered," alone, was used, which might well have been regarded as not of equivalent import to "considered," and as no such word was used, there was no occasion to call forth the expression of any opinion, whether or not the use of such words would not have sufficed in lieu of the word "considered," so long established in the precedents. Thus the judgment entry copied in the plea differs

materially from that in the case of the *State vs. Baker*; since the terms here used are, "It is therefore *ordered, adjudged* and *decreed*, by the Court," &c., which we think of fully equivalent import to "considered."

In no view, then, does the case of the *State vs. Baker*, supported by the citation from Blackstone, decide the question at issue; since the proceedings in that case, although imperfect, were not held void — on the contrary, were ordered to be perfected — and the facts are essentially different, not only in the terms used in the judgment entries respectively, but in the character of the proceedings. Although the established precedents are to be regarded with the highest respect, and should not be departed from without caution, because like pleadings they are a safe-guard to justice in another sense, to hold as a nullity a mere formal departure when the substance is preserved, would be to turn the guns of the outworks upon the citadel of justice. When this point is thus settled, it is clear enough that the plea in question was no answer to the declaration; since, in its terms, it presents a valuable security as the consideration for the instrument sued upon, and not a mere nullity, as was supposed. The Court, therefore, erred in overruling the demurrer in question and in the final judgment rendered. Reversed.