## BREARLY AD. VS. NORRIS.

The language of the statute (15th sec. ch. 106 *Gould's Dig.*) making ten years the period of limitation on judgments and decrees, is comprehensive, and embraces all judgments and decrees without discrimination or exception; and the statute may be pleaded to a judgment or decree as well on a proceeding in the probate court for allowance as in ordinary suits at law.

The assignment of a judgment or decree does not vest in the assignee the legal title; but the assignee does acquire the equitable title, with the right to control its collection, and there is no substantial reason why it may not be allowed as a claim in favor of the assignee, against the estate of a deceased judgment debtor, if not barred at the time of his death.

*Appeal from Pope Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

HOLLOWELL for the appellant.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

On the 18th March, 1846, the Trustees of the Real Estate Bank obtained a judgment on a note in the Pope Circuit Court, against Andrew Scott and Samuel Norris, for $1,000 debt, and $404 16 damages.

On the 24th of March, 1856, Norris died, and afterwards letters of administration upon his estate were granted to Joseph H. Brearly by the Probate Court of Pope county.

At the June term, 1857, of the Chancery Court of Pulaski county, a communication from A. W. Lyon was laid before the chancellor, proposing to convey a tract of land to the receiver of the assets of the bank, in consideration that the receiver would transfer the judgment to Susan Norris, widow of Samuel Norris, deceased; and the chancellor made an order directing the receiver to accept the proposition of Lyon, and to assign

the judgment to Mrs. Norris, upon his executing a good and sufficient deed for the land, with general covenants of warranty, etc. In pursuance of the order, the receiver made an assignment of the judgment, in writing, to Mrs. Norris.

A transcript of the judgment, to which was appended the affidavit of the receiver, that nothing had been paid on it prior to the assignment to Mrs. Norris, etc., etc., and also the affidavit of Mrs. Norris, that nothing had been paid to her, etc., etc., was presented to the Probate Court of Pope county, at the October term, 1858, for allowance and classification against the estate of Norris.

The administrator appeared, waived notice, and contested the demand; and at the January term, 1859, the claim was allowed and classed; and he appealed to the circuit court, where the judgment of the Probate Court was, upon inspection of the record, affirmed.

On the trial in the Probate Court, Brearly insisted that the claim was barred by the statute of limitations, but this defence was overruled.

The 15th sec. of chap. 106, Gould's Dig. (Act of 14th Dec. 1844,) after fixing the period of limitation to actions upon the bonds of sheriffs, coroners, etc., etc., declares that " actions on all other writings obligatory, bonds, writings under seal, and judgments and decrees, shall be commenced within ten years after the cause of action shall accrue, and not afterwards."

The language of the statute is comprehensive, and embraces all judgments and decrees without discrimination or exception.

More than ten years having elapsed from the rendition of the judgment, in favor of the trustees of the bank, against Norris, to the time of his death, and there being no evidence in the record before us, in this case, that the judgment had ever been revived, an action upon it was barred by the statute of limitations, before his death.

Although in the statutory mode of proceeding in the Probate Court for the allowance of a claim against an estate, no declaration, writ, or other formal pleadings are required, as in

ordinary suits at law in the Circuit Courts, yet it is regarded as an action, to which the statute of limitation may be pleaded, if the cause of action is barred at the time of the death of the person against whose estate the demand is sought to be allowed. *Biscoe et al. vs. Madden, as ad.* 17, *Ark.* 539; *Walker as ad. vs. Byers,* 14 *Ark.* 247; *Pennington's adx. vs. Gibson,* 1 *Eng.* 447; *Ryan et al. vs. Lemon, as ad.* 2 *ib.* 79; *Dooley et al. vs; Walker* 5 *Ark.* 705.

It is insisted that Mrs. Norris acquired no interest in the judgment by the assignment to her, which she could assert in the Probate Court.

The assignment did not vest in her the legal title to the judgment, so as to enable her to bring an ordinary action at law upon it, in her own name; but by the assignment she acquired an equitable title to the judgment and its fruits, with the right to control its collection, etc. *Weir et al. vs Pennington et al.* 6 *Eng.* 748; *Clark vs. Moss, et al. ib.* 736; 13 *Ark.* 503.

In *Walker as ad. vs. Byers,* 14 *Ark.* 251, Mr. Justice Scott delivering the opinion of the court, said: " The claims and demands, which the statute contemplates shall be exhibited to the executor or administrator, in the manner provided by the statute, before the expiration of two years from the granting of letters, on pain of being forever barred, are all claims *capable of being asserted in any court* of justice, either of law or equity, existing either at the time of the death of the deceased, or coming into existence at any time after his death, and before the expiration of two years," etc. And in *Oswalt vs. Moore,* 19 *Ark.* 258, this language was repeated, and an equitable claim in favor of Moore, allowed against the estate of Mrs. Dobbins.

Mrs. Norris having the equitable right to the judgment and its fruits, we can see no substantial reason why it might not have been allowed as a claim in her favor, against the estate of Norris, had it not been barred by the statute of limitations, at the time of his death.

The judgment of the Circuit Court must be reversed, and the cause remanded with instructions to reverse the judgment of the Probate Court, and hear the cause anew.

Absent, Mr. Justice FAIRCHILD.