## GEBHART v. MERCHANT.

Opinion delivered November 25, 1907.

JUDGMENT—ASSIGNMENT—RIGHT OF ASSIGNEE.—Where the holder of a judgment assigned a half interest therein to another, and thereafter levied upon the judgment debtor's property and bought it in satisfaction of the judgment, his assignee will be entitled to hold him liable for half the property so purchased, but not to hold him liable for

one-half of the amount bid by him for the property, nor, if he failed to pay such bid, to have judgment against him for one-half thereof.

Appeal from Garland Circuit Court; *W. H. Evans*, Judge; affirmed.

### STATEMENT OF FACTS.

The facts are as follows: Appellee, W. B. Merchant, brought suit in the Garland Circuit Court against D. L. and Johnnie A. Gebhart upon a foreign judgment which he had obtained against them in the State of Texas. Merchant caused an attachment to issue at the time of instituting suit on said judgment, which was levied on certain real estate as the property of said D. L. and Johnnie A. Gebhart. Merchant obtained judgment against D. L. and Johnnie A. Gebhart on the 30th day of October, 1905, in said suit for the sum of $5,688.40 with interest at six per cent. per annum from October 8, 1901. The attachment was sustained, and the property ordered sold to satisfy the judgment. Merchant had assigned a half interest in the foreign judgment to J. C. Gebhart. D. L. Gebhart appealed to the Supreme Court from the judgment sustaining the attachment, but did not give a supersedeas bond and stay the execution of the judgment. The sheriff advertised the property attached to be sold on the 11th day of August, 1906, under the said judgment and order to satisfy the judgment of said court. On the 9th day of August, 1906, appellant, J. C. Gebhart, filed his petition in said case of Merchant against D. L. and Johnnie A. Gebhart, and obtained from the circuit judge in vacation an order directing the sheriff to retain in his possession any money which might be realized from said sale until the further order of the Garland Circuit Court. The sale of the attached property was duly made by the sheriff pursuant to the notice previously published, and Merchant bought it through his attorneys in satisfaction of his said judgment, to the extent of the amount bid by him for the property at the sale.

Afterwards appellant, J. C. Gebhart, on October 10, 1906, filed in said case of Merchant against D. L. and Johnnie A. Gebhart his motion or petition asking that the sheriff be required to pay over to J. C. Gebhart one-half of the amount bid by Mer-

chant for said property, or that, if Merchant had. not paid the amount of his bid, then that judgment be rendered against him therefor in favor of J. C. Gebhart, and that the property bought by Merchant be sold in satisfaction thereof.

Afterwards, on the 19th day of November, 1906, the said motion or petition of J. C. Gebhart came up for hearing in said court, and Merchant demurred in short on the record to the same, and also filed his response thereto. The matter was heard on said motion or petition, demurrer, response and oral testimony, and the court denied the prayer of said petition, and dismissed the same, but directed deed to be made to Merchant and Gebhart jointly.

J. C. Gebhart excepted to the action of the court in dismissing his said application. Afterwards on the 14th day of March, 1907, J. C. Gebhart filed his motion to amend the record in said case so as to make it appear that no oral evidence was heard on his said petition, and that he had excepted to the ruling of the court and prayed an appeal, which motion was denied, in so far as the matter of having heard oral evidence was concerned, but granted as to the question of J. C. Gebhart having saved exceptions to the judgment of the court in dismissing his said petition. J. C. Gebhart then obtained an appeal from the clerk of this court.

*R. G. Davies,* for appellant.

Being. the equitable assignee of one-half of the judgment, appellant had the right to refuse to allow appellee to appropriate his half. Appellant was entitled to his part of the proceeds, and to control its collection to the extent of his interest. 4 Ark. 616; 11 Ark. 736; *Id.* 745; 17 Ark. 248; 13 Ark. 431; 23 Ark. 169; 15 Ark. 226.

*Wood & Henderson,* for appellee.

WOOD, J. There is no statutory authority for the proceeding instituted by appellant. He had no legal interest in or lien upon the property attached by appellee to satisfy his foreign judgment. Sections 391 to 393, and 425 to 429 and 6012, of Kirby's Digest, giving remedies to parties having an interest in the property itself, do not apply. Appellant by virtue of the assignment to him of a half interest in the foreign judgment

had an equitable title and interest therein which would enable him to hold appellee to account in equity as a trustee for half the proceeds in money or property derived from the enforcement of the foreign judgment. *Clark* v. *Moss,* 11 Ark. 736; *Weir* v. *Pennington,* 11 Ark. 745; *Brearly* v. *Norris,* 23 Ark. 169.

Certainly, appellant had no cause of action at law against appellee as alleged in appellant's petition or motion. The lower court was correct in its ruling dismissing same. And it is difficult to see how under the circumstance appellant could get any further relief in equity. For the circuit court directed the deed to be made to appellant and appellee jointly, thus giving appellant all he was entitled to in any court.

The judgment was right, and it is affirmed.