## MERCHANT *v.* GEBHART.

### Opinion delivered February 14, 1910.

JUDGMENT—CONCLUSIVENESS.—A plaintiff cannot get relief in equity against a judgment at law obtained against him on the ground of fraud if the facts constituting the fraud were known to him at the time the former judgment was entered.

Appeal from Garland Chancery Court; *Alphonso Curl,* Chancellor; affirmed.

*Wood & Henderson,* for appellant.

1. The failure or refusal to perform an obligation assumed expressly or by implication, or the voluntary abandonment of the contract, releases the obligee from the duty of making demand and performance and tender, and justifies him in abandoning the contract without waiting until the contract period expires, and gives him an immediate right of action for the breach and to rescind. 7 Am. & Eng. Enc. Law, p. 150; 1 Beach on Cont., § 409 *et seq.*; 9 Cyc. 635 to 649; 38 Ark. 174; 64 *Id.* 228; 67 *Id.* 526; 67 *Id.* 156; 79 *Id.* 271.

2. Appellant had no adequate remedy at law. In cases like this equity will always decree a cancellation and rescission of the contract, and relieve against fraud. 21 L. R. A. (N. S.) 823 and note; 11 Ark. 58; 19 *Id.* 522; 20 *Id.* 424; 30 *Id.* 686;

21 *Id.* 236; 44 *Id.* 145; *Id.* 197; 51 *Id.* 333; 60 Mo. 398; 59 Am. Dec. 677; 50 *Id.* 762, notes; 77 *Id.* 681, note; 35 *Id.* 403 and note; 28 Am. St. 851.

3. The consent order and judgment was merely a proposition in a spirit of compromise and settlement, which was never accepted by appellee.

*M. S. Cobb,* for appellee.

1. No fraud nor deceit is shown, and there was no failure of consideration. There is a sufficient consideration for a promise if there is any benefit to the promisor or loss or detriment to the promisee. A mere expectation or hope or a contingent benefit is sufficient. 9 Cyc. 311-12-13; 21 Ark. 249; 43 Am. St. 105; 39 Pac. 582; 44 Am. Rep. 16; 5 L. R. A. 856.

2. If a party intends to rescind a contract on the ground of its violation by the other party, he must do so promptly on the first information of the breach. 51 Miss. 422; 22 Ala. 258: 13 B. Mon. 172; 3 Johns. Ch. 231; 17 Johns. 437. Prompt action to repudiate when fraud is discovered and notice of disavowal is necessary (37 Fed. 418) and within a reasonable time. 86 Ala. 116; 45 N. J. Eq. 234. He must elect to rescind with reasonable promptness. 44 N. J. Eq. 513. One cannot rescind and still retain the benefits of a contract. Parties must be placed *in statu quo.* 93 U. S. 55; 17 Ark. 228; 25 *Id.* 196; 53 *Id.* 16. The right is lost by laches. 53 Ark. 147.

HART, J. W. B. Merchant obtained a judgment in the State of Texas against D. L. and Johnnie A. Gebhart, under their assumed names of J. B. and Johnnie A. Trever, for the sum of $5,688.40. On the 28th day of January, 1906, he assigned a one-half interest in said judgment to J. C. Gebhart in consideration that said Gebhart should employ for him attorneys to collect said judgment and should bear the expense of same. Pursuant to said agreement J. C. Gebhart employed attorneys, who brought suit in the name of W. B. Merchant in the circuit court of Garland County, Arkansas, against D. L. and Johnnie A. Gebhart, and caused to be attached certain real estate in the city of Hot Springs, in said Garland County, which the defendants claimed to be their homestead. A judgment was rendered in the Garland Circuit Court in favor of W. B. Merchant against D. L. and Johnnie A. Gebhart for the sum of $5,688.40, with

interest from the 8th day ot October, 1901, at the rate of 6 per cent. per annum. The judgment also sustained the attachment, and the attached property was ordered sold on the 11th day of August, 1906.

After the property had been advertised for sale, J. C. Gebhart filed a petition in the circuit court, setting up that he had an undivided one-half interest in the judgment, and asking that the proceeds of sale be paid into court or be held by the sheriff until his interest could be ascertained and protected. Subsequently, J. C. Gebhart filed another petition in the Garland Circuit Court, in which he alleged that he was the owner of a one-half interest in said judgment, and stated that W. B. Merchant became the purchaser at the said attachment sale for the sum. of $6,350. His prayer was that the sheriff be ordered to pay over to him one-half of the proceeds of said sale, and that, if the same had not been paid by said Merchant, judgment be rendered against him therefor, and that the same be declared a lien on the property so purchased by said Merchant under the attachment proceedings. W. B. Merchant filed his response to said petition, in which he alleged, among other things, that D. L. and Johnnie Gebhart had appealed to the Supreme Court from the judgment rendered against them in his favor. That said appeal operated to prevent persons from bidding at the sale, and thus forced him to become the purchaser of the property. He alleged that in that regard J. C. Gebhart was in collusion with D. L. and Johnnie Gebhart. His response concludes as follows:

"Wherefore he prays that the said sale be confirmed, and that the report of said sheriff of said sale be approved, and the deed to said property be executed to the said plaintiff (W. B. Merchant) and J. C. Gebhart jointly."

The circuit court directed that the deed should be made to W. B. Merchant and J. C. Gebhart jointly. J. C. Gebhart appealed to this court, and the judgment of the circuit court was affirmed on the 25th day of November, 1907. *Gebhart* v. *Merchant*, 84 Ark. 427.

The appeal in the case of D. L. and Johnnie A. Gebhart v. W. B. Merchant was decided on the 18th day of November 1907, and the judgment of the lower court was affirmed. The case is reported in 84 Ark. 359 (*Gebhart* v. *Merchant*).

The present action was instituted in the Garland Chancery Court by W. B. Merchant against J. C. Gebhart for the purpose of setting aside the assignment of said W. B. Merchant to said J. C. Gebhart of one-half of the Texas judgment and also the judgment of the Garland Circuit Court directing the sheriff to execute a deed to W. B. Merchant and J. C. Gebhart jointly to the lands sold under the attachment proceedings in the case oi W. B. Merchant and D. L. and Johnnie Gebhart. This suit was commenced before either of the aforementioned suits was determined in this court.

The complaint in the case at bar and the evidence adduced by the plaintiff show that J. C. Gebhart was guilty of fraud in procuring the contract of the assignment of an undivided one-half of the Texas judgment from W. B. Merchant, and was also guilty of fraud in his subsequent conduct in conducting the litigation for the purpose of collecting that judgment. In his complaint plaintiff also alleges that up to the time of the judgment and order of the circuit court denying J. C. Gebhart's petition for an order directing him to pay into court the full amount of his bid, he was willing and consented to the order of said court directing a joint deed to him and to J. C. Gebhart, but that, because J. C. Gebhart continued to harrass and annoy him by taking an appeal from that judgment, he refused to longer recognize the assignment of the Texas judgment as binding upon him.

J. C. Gebhart filed an answer, denying all the material allegations of the complaint, and the evidence introduced in his behalf tended to sustain his answer. The chancellor, upon hearing the case presented upon the pleadings and evidence, found the issues in favor of the defendant, J. C. Gebhart, and accordingly entered a decree dismissing the complaint for want of equity. The plaintiff, W. B. Merchant, has duly prosecuted an appeal to this court.

In the case of *Gebhart* v. *Merchant,* 84 Ark. 426, the court said: "Certainly, appellant (J. C. Gebhart) had no cause of action at law against appellee (W. B. Merchant) as alleged in appellant's petition or motion. The lower court was correct in its ruling dismissing the same, and it is difficult to see how under the circumstances appellant could get any further relief in

equity. For the circuit court directed the deed to be made to appellant and appellee jointly, thus giving appellant all he was entitled to in any court." While Merchant alleges facts sufficient to constitute fraud by Gebhart in procuring the assignment to him of a one-half interest in the Texas judgment and in his subsequent conduct in regard to the collection of the same, these fraudulent acts were known to Merchant at the time he asked the circuit court to direct the sheriff to make a joint deed to himself and Gebhart.

In the present bill he has alleged nothing additional except the fact that Gebhart took an appeal from the judgment of the circuit court directing the sheriff to make the joint deed. There was nothing in the conduct of Gebhart at that time that was calculated to induce Merchant to believe that he would not appeal from a decision adverse to his contention. The issues between the parties were made and determined in that case, and the decision of the court has concluded the rights of the parties thereto.

In the case of *Church* v. *Gallic*, 76 Ark. 423, the court held that "a judgment of a court of competent jurisdiction operates as a bar to all defenses, either legal or equitable, which were interposed, or which could have been interposed, in the suit."

We find no error in the record, and the decree will be affirmed.