ARKANSAS LUMBER COMPANY v. WALLACE.

Opinion delivered July 3, 1911.

1. MASTER AND SERVANT—NEGLIGENCE.—In an action by a servant for personal injuries received while at work at a saw mill, there was evidence tending to prove that plaintiff, while absorbed in his work, was injured by a log rolling on him from a runway overhead; that some heavy timbers had been lying on the runway, and might have knocked off the log which struck plaintiff; that a fellow-servant was negligent in pushing the log against the heavy timbers. *Held,* that a finding of negligence was supported by the evidence, though no such injury had previously happened. (Page 541.)

2. SAME—INSTRUCTIONS AS TO NEGLIGENCE.—In a personal injury suit, the court's refusal to instruct the jury that if the injuries complained of were the result of an accident which the defendant company could

not foresee in the light of attending circumstances, then the verdict should be in its favor, was not error where the court told the jury that to entitle plaintiff to recover they must find "that the negligence complained of was the proximate cause of the injury," and "that it must appear that the injury was the natural and probable consequences of the negligent and wrongful act, and that it ought to have been forseen in the light of attending circumstances." (Page 542.)

3.  DAMAGES—WHEN NOT EXCESSIVE.—Where there was evidence tending to prove that plaintiff received a permanent stiff knee, suffered acute pain for more than two months during which time he was regularly treated by a physician, that he had been on crutches for eight months and incapacitated for labor, that before the injury he was earning $1.85 per day, and since then had not been able to work, that he was badly bruised and received internal injuries, a verdict awarding $3,000 as damages was not excessive. (Page 542.)

Appeal from Bradley Circuit Court; *Henry W. Wells,* Judge; reversed.

*T. D. Wynne, J. C. Knox, Fred L. Purcell* and *T. D. Crawford,* for appellant.

1. In giving appellee's requested instructions Nos. 1, 2 and 5, the court in effect tells the jury that it is the master's duty to protect the servant from *all injury to life and person* while engaged in his duties; that the servant has the right to expect that the master will not expose him to extraordinary danger, and that the servant does not assume any extraordinary risk attending such work, nor assume any risk resulting from the master's negligence. The effect of these instructions was to make the master liable as an insurer of the servant's safety. They make no exception as to extraordinary risks nor any exception as to pure accidents, and there was at least a question whether it was not purely an accident which could not have been anticipated and guarded against. 92 Me. 501; 95 Me. 162.

2. The court erred in refusing instruction "K" asked by defendant telling the jury that "if the injury complained of was the result of an accident which the defendant lumber company could not foretell in the light of the attending circumstances, then your verdict will be for the defendant." In connection with those given for the plaintiff, this instruction would have directed the jury's attention to the real issue—whether the defendant ought to have anticipated plaintiff's injury from a falling log

when he was placed at work near the roll-way. 1 Thompson on Neg. § 14; 62 Kan. 727; 16 Ark. 326; 15 Ark. 118; 104 Ill. App. 194; 72 Cal. 245; 113 Mo. 526; 146 Ind. 430; 27 Kan. 400; 15 Wall. 524; 162 Mo. 7; Lalor (N. Y.) 193.

3. There is no testimony showing that there was any structural defect in the roll-way which caused the log to roll off, nor to show what caused it to fall. There is no proof that any one was guilty of negligence, nor that defendant was negligent in not anticipating and guarding against this injury; but the proof did show that it was customary for timbers to pass over these rollers, and that timbers had never before fallen from them. The court should have directed a verdict for the defendant. 143 Ind. 381; 53 Mich. 215; 68 N. J. L. 608; 86 Ark. 289; 91 Ark. 260; 95 Pa. St. 287; 108 Va. 822; 67 Wis. 616; 6 C. P. 14; 90 Tex. 226; 118 Pa. St. 527; 112 Ind. 417; 147 Mass. 315; 53 Mich. 275. The burden was on the plaintiff to show that the defendant was guilty of negligence. 95 U. S. 439; 33 Ark. 281.

*B. L. Herring,* for appellee.

1. The proposition that a servant does not assume any risk resulting from the master's negligence is the law, and needs no discussion. The other conclusions arrived at by appellant as to the effect of instructions 1, 2 and 5, are not justified by a construction of the three instructions together. But these instructions are not to be construed alone, but in connection with all other instructions given. 82 Ark. 64, 74; 83 Ark. 61, 70; *Id.* 81; 85 Ark. 179; 86 Ark. 104; 87 Ark. 243; *Id.* 298; 93 Ark. 140; *Id.* 316; *Id.* 564; *Id.* 589.

2. There was no error in refusing instruction "K" requested by appellant. It would have been misleading and confusing to the jury unless there had been a definition of accident offered with it; but to have given it would have been merely repeating what the court had already told the jury. It is unnecessary to repeat an instruction in a different form. 84 Ark. 81; *Id.* 606; 85 Ark. 640; *Id.* 396; 86 Ark. 600; 87 Ark. 308; *Id.* 602; 88 Ark. 115; 89 Ark. 326; 90 Ark. 19; 91 Ark. 240; 93 Ark. 313; *Id.* 548.

3. The evidence fully sustains the verdict, and it would have been error to have directed a verdict for the defendant.

4. The verdict is not excessive. It was the result of deliberate reasoning from the evidence, unbiased by considerations of favor for appellee or prejudice against appellant. 57 Ark. 377; 79 Ark. 335.

McCULLOCH, C. J. The plaintiff sued his employer, the defendant Arkansas Lumber Company, to recover damages resulting from personal injuries received while at work in the course of his employment. A piece of heavy timber fell on him and inflicted painful and serious injury, and the trial jury awarded damages in the sum of three thousand dollars.

The plaintiff was a carpenter by trade, and was employed by the defendant to do that kind of work. He worked under the immediate direction of his foreman, Will Darby, who in turn was under the general supervision of the mill foreman, Gus Ruff. On the day of the injury the carpenters were engaged in making repairs about the mill, which was being operated at the time the plaintiff was injured. He and another workman were put to work by Darby and Ruff tearing out and replacing some rotten sills beneath a runway for logs, which was eight or ten feet overhead. The runway conveyed the logs from the mill shed to the timber dock, where the lumber was loaded on cars. The lumber was conveyed from the saw to the edge of the mill shed by live rollers, which were operated by the power which run the mill and were controlled by a lever worked by the man who did the work of shifting the lumber from the saw to the timber dock. There were dead rollers on the runway which carried the lumber from the live rollers to the timber dock, the lumber being pushed along over the dead rollers by hand. The dead rollers were the same length as the width of the runway, which was about twenty inches. The piece of timber which struck plaintiff and caused his injuries was 10 by 12 inches in size and 12 or 14 feet long, and it fell from the runway. The evidence tends to show that two of these heavy pieces of timber had been lying on the dead rollers all day and that other pieces of this kind were conveyed from the saw over the live rollers, which were thrust against the pieces on the dead rollers, knocking off the one which fell upon the plaintiff as he worked below. The evidence shows that plaintiff at the time was absorbed in his work, and did not look up in time to avert the danger, and it also

shows that the noise in the operation of the mill was sufficient to drown the noise of the logs passing over when the live rollers were put in motion by the lever.   The carpenter's foreman, who was plaintiff's immediate superior, and the mill foreman both knew that the plaintiff and his companion were at work at that place at that time, and the evidence shows that the negro who was engaged in moving the timber from the saw was seen immediately after the injury looking at the place where the piece of timber had fallen on the plaintiff.

It is earnestly insisted by learned counsel for defendant that the evidence is insufficient to sustain the charge of negligence, but we are of the opinion that the testimony was legally sufficient to make a case for the jury and warranted a finding of negligence. The plaintiff, when injured, was absorbed in his work.  This was known to his superiors.   It was their duty to take some steps to protect him.   The two heavy pieces of timber had been lying on the tramway all day, and they might have anticipated that when other timbers of like weight were pushed against them from the live rollers it was likely to cause the timbers to roll off. It is not sufficient to say that such a thing had never happened before, for, notwithstanding that, the jury might have concluded that it was a danger which should have been anticipated in the exercise of ordinary care.   When the foreman put the plaintiff in a place of danger beneath this runway, it was his duty to take whatever steps were necessary in the exercise of ordinary care to protect him from danger.   Moreover, the jury were warranted in finding from the testimony that the negro who was engaged in moving the timbers above was guilty of negligence in pushing the heavy timbers from the live rollers suddenly and with force against the two pieces of timber lying on the dead rollers.   The runway was only twenty inches wide according to the testimony, and the two pieces of timber might easily be dislodged by the force from the other timbers which came against them from the live rollers.   We conclude, therefore, that the evidence was sufficient to sustain the charge of negligence, and that the defendant's peremptory instruction was properly refused.

There are numerous assignments of error in giving instructions over defendant's objection and in refusing certain instructions which the defendant requested.   After careful considera-

tion, we are of the opinion that no prejudicial error was committed by the court, and it is unnecessary to discuss the instructions in detail.

One of the principal contentions in this respect is that the court erred in refusing to give an instruction which defendant requested telling the jury that if the injuries complained of were the result of accident which the defendant company could not foresee in the light of attending· circumstances, then the verdict should be in its favor. This instruction was a correct statement of the law, but the same idea was stated to the jury in other instructions. All the instructions which the court gave made it essential for the plaintiff to prove by a preponderance of the evidence that the injury was the proximate result of negligence on the part of the defendant. One of the instructions which the court gave at the instance of the defendant told the jury that to entitle plaintiff to a recovery the jury must find "that the negligence complained of was the proximate cause of the injury," that "it must appear that the injury was the natural and probable consequences of the negligent and wrongful act, and that it ought to have been foreseen in the light of attending circumstances." When the instructions which were given are read together, as ·they should be, they are free from conflict, and correctly presented to the jury the whole law of the case.

Lastly, it is contended that the verdict is excessive. The evidence adduced by the defendant tended to show that the plaintiff's injury was slight and would be of temporary duration. On the other hand, the testimony of the plaintiff went to establish the fact that his injury was permanent on account of a stiff knee, that he suffered acute pain for more than two months, being during that time regularly treated by a physician, and that he had been on crutches for about eight months and entirely incapacitated from labor; that he had an earning capacity before the injury of $1.85 a day, and had not been able to work since that time. Plaintiff also testified that he was badly bruised about the body, and received internal injuries which caused spitting of blood for some time. The award of damages was not, we think, excessive, and the judgment will be affirmed.