Carter, Ad., vs. Engles.

<hr />

## CARTER, Ad., vs. ENGLES.

1. CLAIMS AGAINST ESTATES: *Erroneously allowed, no bar to sale of property for payment.*

The allowance and classification of a claim in the probate court has the force and effect of a judgment, and though erroneous, is conclusive as to all persons until reversed by a higher tribunal, or set aside in a direct proceeding for that purpose. Error in the allowance is no defense to an application for the sale of land for payment of the claim.

2.  SAME:  *Allowance procured by fraud.*
    If the allowance of a claim be procured by fraud between the creditor and
        administrator, there may be a remedy in equity for persons interested in
        the estate.

APPEAL from *Independence* Circuit Court.
Hon. ELISHA BAXTER, Special Judge.
*Rose*, for appellant.
*Butler, contra.*

ENGLISH, C. J.   On the twenty-fourth of August, 1877,
James A. Carter, as administrator of the estate of Robert
B. Engles, deceased, presented a petition to the probate
court of Independence county, stating, in substance:

That no personal assets of said estate had ever been dis-
covered by him, or come to his hands.

That there had been allowed against said estate, and
classed in the fourth class, by said probate court, November
2, 1875, a claim in favor of Henry C. Smith, upon two
promissory notes amounting to $259.93, to bear interest at
10 per cent., etc.

Also a claim in favor of said Smith, upon a judgment
recovered before a justice of the peace, for $49.20, allowed
and classed in the fifth class by said court on the sixth day
of its then present term (August, 1877).

That the only assets in the hands of petitioner, as such
administrator, for the payment of said debts, was the south
half of the northwest quarter of section thirty-one, town-
ship thirteen north, range five west, situated in Indepen-
dence county, containing eighty acres, more or less, and
duly appraised at $800.

Prayer for an order of court to sell said tract of land to
pay said debts.

That due notice, by publication, had been given of the application, and proof of publication of said notice was attached to the petition.

On her application, Margaret Engles, widow of said Robert B. Engles, was made a party, and resisted the order of sale prayed for.

On a hearing, the probate court refused to make the order of sale, and Carter appealed to the circuit court.

The cause was tried anew in the circuit court.

On the trial plaintiff read in evidence an order of the probate court, made the twelfth of August, 1875, appointing him administrator of the estate of Robert B. Engles, deceased.

The order recites, in substance, that Henry C. Smith, a creditor of the estate, made application to the court to appoint James A. Carter administrator, etc., and it appearing to the court that Robert B. Engles died intestate in Independence county, leaving property therein; that his widow and heirs had failed to apply for administration within the time prescribed by law; that Henry C. Smith was a creditor of the estate, and entitled by law to have administration thereof; and that there never had been any actual administration thereof, it was, therefore, ordered and adjudged by the court, that said James A. Carter be, and he was thereby, appointed administrator of said estate; whereupon Carter filed his bond as such administrator, in the sum of $1,000, conditioned as required by law, with Henry C. Smith and John P. Clendenin as sureties, which was approved by the court, and letters of administration upon said estate ordered to be issued to him.

Plaintiff also read in evidence the bond executed by him as such administrator under said order of the probate court, recorded the twelfth of August, 1875.

Also, the letters of administration issued to him by the clerk of the probate court, dated and recorded on the same day.

Plaintiff also read in evidence the following judgment of the probate court, rendered November 20, 1875 :

"Estate of Robert B. Engles, deceased. Now on this day comes James A. Carter as administrator of said estate, etc., and also come the widow and heirs at law of said deceased, by attorney, and the claim of Henry C. Smith, for $259.93, upon two certain promissory notes duly presented and allowed by the administrator, on the twelfth of August, 1875, was presented to the court, and after argument of counsel, the premises being seen and by the court fully understood : It is ordered and adjudged by the court that the said claim of Henry C. Smith be and the same is hereby allowed and classed in the fourth class of claims against said estate, and that said claim bear interest at the rate of 10 per cent. per annum from this date until paid ; to which order of the court in allowing and classifying said claim the widow and heirs of said deceased, by attorney, at the time excepted, and asked and obtained leave to file their bill of exceptions at any time during the present term of the court."

Plaintiff also read in evidence a judgment of the probate court, rendered August 11, 1877, as follows :

"M. A. Ward and Lawson H. Ward, to use of Henry C. Smith, vs. Estate of Robert B. Engles, deceased. }   Transcript of judgment.

"Now on this day was presented to the court the plaintiff's demand against said estate, it being a transcript of a judgment against said deceased in his lifetime, before Henry Neill, a justice of the peace, on the eighth day of

December, 1866, principal and interest to this date amounting to $49.20, and having been examined and allowed by the administrator, on the eleventh. day of August, 1877, the same is now, by the court, examined, allowed and classed in the fifth class of claims against said estate."

Which was all the evidence introduced on the part of the plaintiff.

Mrs. Engles was permitted to read in evidence, against the objection of plaintiff, a bond, purporting to have been executed by him as administrator of the estate of Robert B. Engles, deceased, with H. C. Smith and John Bailey as sureties, bearing date the first of July, 1872, and filed for record on the same day.

Also, letters of administration purporting to have been issued to him upon the estate, dated same day (but not signed by the clerk), filed for record July 1, 1872, and duly recorded.

Also, an entry from the record of the probate court, dated September 23, 1872, as follows:

"Estate of Robert B. Engles.

"On this day was presented the bond of James A. Carter as administrator of said estate in the sum of three thousand dollars, with Henry C. Smith and John Bailey as securities, which bond was examined and approved by the court."

Also, an entry from the record of the probate court, dated August 12, 1875, as follows:

"In the matter of the estate of Robert B. Engles, deceased:

"Now on this day comes James A. Carter and filed and presented his petition, showing that no assets of said estate had ever come to his hands, and that he had never given notice to creditors of entering upon the discharge of

14

his duties as such administrator, and asking leave of the court to resign his said administration and be relieved from any further liability as such administrator, and the premises being seen and fully understood, it is ordered and adjudged by the court that the resignation of said James A. Carter as administrator of the estate of said Robert B. Engles, deceased, be and the same is hereby accepted, and that he and his bondsmen are discharged from all further liability as such administrator or upon his bond."

Which was all the evidence introduced by Mrs. Engles, and to the introduction of all which the plaintiff objected as impertinent and incompetent, but the court overruled the objection, and plaintiff excepted.

Upon the evidence the court found "that the claims of Henry C. Smith, in the petition mentioned, against the estate of Robert B. Engles, deceased, were not legally presented against said estate, more than two years from the first grant of letters of administration to the said James A. Carter having elapsed before said claims were presented to said administrator for allowance, and more than two years having elapsed before said claims were allowed and classed against said estate; and was of opinion that the judgment of the probate court refusing to grant an order for the sale of the land in the petition mentioned should be affirmed;" and judgment was accordingly rendered refusing the order of sale, and against plaintiff for costs, etc.

Plaintiff took a bill of exceptions and appealed to this court.

Putting the case in the strongest view of the facts disclosed by the record for appellee, let it be conceded, as insisted by the counsel, that appellant was duly appointed and qualified as administrator of Engles, on the first of

July, 1872; that he continued to be such administrator until the twelfth of August, 1875, when he resigned, and on the same day was reappointed, and that the claims of Smith were barred by the statute of non-claim because not presented to appellant for allowance within two years from the first grant of letters, but were presented within the period of the bar from the record grant of letters, and allowed and classed by the probate court, and that it was an error in the court to allow the claims thus barred, yet we can not treat the judgments of allowance as null and void when collaterally brought before us in this proceeding.

The allowance and classification of a claim in the probate court has the force and effect of a judgment, and may be pleaded as a former recovery in bar of an action upon the same cause of action in the circuit court. *Dooly et al. v. Watkins, 5 Ark., 705.*

In *Cossitt et al. v. Biscoe, 12 Ark., 94,* it was held that when the probate court had allowed and classed a claim at one term, it had no power, at a subsequent term, to set aside its judgment, and place the claim in a different class. That the allowance and classification of a claim was a judicial and not a ministerial act.

In *Montgomery et al. v. Johnson et al., 31 Ark., 83,* Mr. Justice HARRISON forcibly and clearly formulated the previous decisions of the court, in saying:

"The administration of the estates of deceased persons, is committed to the jurisdiction of the courts of probate, and upon the grant of letters testamentary, or of administration, the court acquires jurisdiction of the estate and proceeds *in rem.*

"As a superior court, with general jurisdiction and plenary power over the matters committed to its peculiar cognizance, its judgment or order, when acting within the

sphere of its jurisdiction, however erroneous it may be, is conclusive as to all persons, until reversed upon review by a higher tribunal or set aside in a direct proceeding for that purpose; for it is well settled that the judicial sentence of a superior court of competent jurisdiction over the subject-matter to which it relates, can not be attacked or impeached in a collateral proceeding, upon the ground that the court erroneously exercised its powers."

The probate court had jurisdiction of the claims of Smith against the estate of Engles, with power to allow or reject them, and if the claims were barred by the statute of non-claim, which is but a statute of limitations, it was an error in the court to allow them, which might have been corrected on appeal, but the judgments of allowance are not void for such errors.

If the judgments were obtained by fraud and collusion between the creditor and the administrator, there may be a remedy in equity, for persons interested in the estate. *Ragsdale et al. v. Stuart et al., 8 Ark., 268.*

The court below erred in admitting the evidence introduced by appellee to prove that the claims were barred, etc.

Reversed and remanded for further proceedings.