JACKSON v. GORMAN.

Opinion delivered January 11, 1902.

1. CHANCERY—TRANSFER FROM CIRCUIT COURT.—A cause appealed from the probate to the circuit court cannot be transferred to the chancery court. (Page 89.)

2. PROBATE ALLOWANCE—COLLATERAL ATTACKS.—The allowance of a claim in the probate court is a judgment which is final after the expiration of the term at which it was rendered, and cannot subsequently be attacked in the probate court on an application to sell lands of the estate to pay debts. (Page 89.)

3. JUDGMENT—PRESUMPTION OF REGULARITY.—An order of the probate court for the sale of lands of an estate to pay debts is presumed to be regular, and is not open to collateral attack on the ground that the petitioner did not make the showing required by statute to obtain the order. (Page 89.)

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

*Cockrill & Cockrill,* for appellants.

As to the exceptions to the rule that judgments of courts of record are not open to collateral attack, see: 94 U. S. 746; 33 Ark. 161; 47 Ark. 411. The heirs of H. Evans, not being parties to the probate proceedings, could not have appealed therefrom. 47 Ark. 411.

*R. W. Nicholls, R. J. Williams* and *Norton & Prewett,* for appellee.

BUNN, C. J. This is a proceeding commenced by H. P. Gorman, administrator in succession to James Evans, first administrator of H. Evans, in the probate court of St. Francis county, on the 15th day of January, 1900, by filing a petition to fix another day for the sale of the lands of the estate of said H. Evans, deceased, to pay the debts thereof. The appellants, Mary E. Jackson, and the other heirs at law of H. Evans, on leave asked and obtained,

were made parties defendant to this petition; and thereupon they demurred to the petition, and, their demurrer being overruled, filed their answer, to which answer the petitioner interposed his demurrer, which was sustained. The defendants appealed to the circuit court of St. Francis county, and therein filed their amended answer and cross bill, and asked that the cause be transferred to the chancery court of the district. The petitioner interposed his demurrer to this amended answer and cross bill, and resisted the motion to transfer. The demurrer of the petitioner was sustained by the court, and the motion to transfer overruled, and the defendants appealed to this court.

The chancery courts are in no sense appellate courts in this state, for there are no courts inferior to them which have chancery jurisdiction. In this case it was sought to invoke a jurisdiction on appeal which can only act by original bill, or in cases where the code provides for a transfer of cases commenced on the law side of the circuit court by mistake to the proper docket or forum. To transfer a case on appeal, where the appellate court tries *de novo,* is to change the cause of action by amendment from what it was in the court of original jurisdiction to a new and different action, which we think cannot be done. Therefore there was no error in the refusal by the circuit court to transfer.

The amended answer and cross bill is mainly an attack upon the validity of the orders of the probate court allowing claims against the estate under the administration of James Evans, now also deceased, and made years ago. These allowances are in the nature of judgments, and after the expiration of the term are not within the control of the probate court. It follows that to attack them in the probate court would be in violation of all rules on the subject. The circuit court on appeal can have no other issues before it than had the probate court from which the appeal is taken. These judgments of the probate court, moreover, were final, after the expiration of the term at which they had been rendered, and could not be reopened by the probate court, and could only be called in question by appeal, or by original bill in chancery, on the allegation of fraud, accident, or mistake. *Clark* v. *Shelton,* 16 Ark. 474; *Dooley* v. *Dooley,* 14 Ark. 122; *West* v. *Waddill,* 33 Ark. 575; *Rogers* v. *Wilson,* 13 Ark. 507; *Carter* v. *Engles,* 35 Ark. 205.

The other paragraphs of the amended answer and cross bill constitute an attack upon the manner of obtaining the order of

sale July 21, 1897, in this, that the petitioner did not make the showing required by statute to obtain the order. The probate court had acted, and, presumptively, upon the proper showing made, and the term had passed without objection raised; and the conclusion is that everything was properly done. Besides, if it be at all necessary to so state, the record does not show that there was a substantial failure on the part of the petitioner to comply with the statute.

Upon the whole case, the decree is affirmed.

RIDDICK, J., did not participate.