## DAVIS v. RHEA.

### Opinion delivered May 3, 1909.

1. ADMINISTRATION—ALLOWANCE OF CLAIM—CONCLUSIVENESS.—The allowance of a claim against an estate in the probate court is a judgment by which all parties are bound, and can only be set aside for fraud in its procurement. (Page 263.)

2. JUDGMENTS—VACATION FOR FRAUD.—The fraud for which a judgment will be vacated in equity must consist, not in the original cause of action upon wihich the judgment was based, but in the procurement of the judgment itself. (Page 263.)

3. ADMINISTRATION—ALLOWANCE OF CLAIM—RIGHT OF HEIRS TO APPEAL.— Where a claim against an estate was allowed in the probate court, and the administrator failed to prosecute an appeal therefrom, the heirs at law, not being parties to the record, had no right of appeal, and their only remedy was by suit to set aside the judgment on account of fraud in procuring it. (Page 263.)

4. JUDGMENTS—FRAUD.—Proof that a portion of a claim allowed by the probate court was improper was insufficient to establish fraud in the allowance. (Page 263.)

    Appeal from Randolph Chancery Court; *George T. Humphries,* Chancellor; reversed.

*W. A. Cunningham,* for appellant.

    The chancery court has no jurisdiction to set aside the allowance of a claim by the probate court except for fraud in procuring it. Black on Judg. 321; 68 Ark. 492; 73 *Id.* 444; 39 *Id.* 256; 75 *Id.* 426. A court of equity will not interfere unless justice imperatively demands it, and until it clearly appears that it would be contrary to equity and good conscience to allow the judgment to be enforced. 51 Ark. 341; 48 *Id.* 535. Such relief will not be granted where the evidence is conflicting. 76 Ark. 588; 74 *Id.* 292. The party seeking to set a judgment aside for fraud must have lost a right by the fraud of the prevailing party

without any negligence or other fault on his part. 1 Black on Judg., p. 579.

*T. W. Campbell,* for appellee.

Services intended at the time to be gratuitous cannot be used afterwards to raise an implied contract to pay for them. 33 Ark. 215. As to services rendered by one member of the family to or for another member thereof, the presumption is that they are gratuitous. 155 Ill. 322; 55 Neb. 554; 69 Vt. 234. And this is true where they live together as members of the same family, whether the relation of parent and child exists or not. 74 Wis. 176; 6 L. R. A. 702; 41 N. W. 1091; 1 S. D. 316; 106 La. 494. A party who has been deprived of a right, but who is not a party to the record, may have the judgment set aside in chancery, even where there is no fraud, because he has no remedy at law. 68 'Ark. 492. Where the evidence is evenly balanced, this court will not disturb the chancellor's findings. 71 Ark. 605; 68 *Id.* 314; *Id.* 134; 72 *Id.* 67; 75 *Id.* 52.

McCulloch, C. J. The appellees are heirs at law of Joe Ann Davis, who died intestate in Randolph County, Arkansas, in the year 1906. W. A. Jackson was, in March, 1907, duly appointed as administrator of the estate of said decedent, and proceeded with the administration in due course. Appellant, Bascomb Davis, brought forward a claim against the estate in the sum of $700 for services rendered the decedent; and after an ineffectual effort to adjust the claim with the heirs he presented it, duly authenticated, to the administrator for allowance. The administrator disallowed the claim, but it was presented to the probate court, and, upon trial in that court, judgment was rendered in favor of the claimant for the full amount thereof. No appeal was prosecuted to the circuit court, and, after the expiration of the period of one year allowed by statute for appeals from judgments of probate courts, the appellees instituted this suit in chancery to procure a cancellation of the judgment, alleging in their complaint that it was obtained through fraud and collusion between the administrator and the claimant, and that the administrator had refused to take an appeal to the circuit court. The appellant answered, denying all the allegations of fraud and collusion and alleging that his claim was a just and meritorious

one, and had been properly allowed and classed by the probate court after a full examination and trial of the merits of the case. The depositions of a large number of witnesses were taken on each side, directed to the question of the merit of the original claim; and on the final hearing of the case the chancellor rendered a decree cancelling the judgment and restraining the enforcement thereof.

The only proper basis for a suit of this kind is that the judgment of the probate court was procured by fraud. The allowance was a judgment of a court of competent jurisdiction, and can only be set aside on account of fraud in the procurement thereof. The fraud which would vitiate the judgment must have been, not in the original cause of action upon which the judgment was obtained, but that practiced in the procurement of the judgment. *Scott* v. *Penn,* 68 Ark. 492; *James* v. *Gibson,* 73 Ark. 440. The judgment attacked will not be set aside in equity merely because it is found to have been erroneously rendered. The heirs at law, not being parties to the record in the probate court, had no right to appeal from the judgment of that court, and their only remedy was by suit to set aside the judgment on account of fraud in the procurement thereof. *Scott* v. *Penn, supra.*

We are of the opinion that the evidence in this case is wholly insufficient to justify the finding of fraud in the procurement of the judgment. The evidence is conflicting as to the amount which should properly have been allowed on appellant's claim; it is practically undisputed that he was entitled to the allowance of a considerable portion of the claim, but we are inclined to think that the preponderance of the evidence is against him as to the full amount of the claim. This, however, does not establish fraud in the procurement of the judgment. *Boynton* v. *Ashabranner,* 75 Ark. 415.

The judgment of the court, where it was free from fraud in its procurement, is conclusive of the merits of the case. According to the evidence, the case was fairly tried in the probate court upon the testimony of several witnesses, and both parties were represented by counsel. There was absolutely no testimony tending to show collusion on the part of the administrator with the claimant, or any dereliction of duty on his part in defending against the claim. He disallowed the claim and employed a

reputable attorney to represent the estate at the trial. It is true that he refused, after the rendition of the judgment by the probate court, to take an appeal to the circuit court when requested so to do by the heirs; but this he had a right to do, and it was his duty to do so where he was satisfied, in good faith, that the claim was a meritorious one and had been fairly adjudicated in the probate court.

The decree of the chancellor is erroneous, and the same is reversed and the cause remanded, with directions to dismiss the complaint for want of equity.