## HOSHALL *v.* BROWN.

### Opinion delivered January 22, 1912.

1. ADMINISTRATION—EFFECT OF ALLOWANCE OF CLAIM.—The allowance of a claim by the probate court is a judgment by a court of competent jurisdiction. (Page 118.)

2. SAME—ALLOWANCE OF CLAIMS—REMEDY OF PARTIES.—Where parties who seek to set aside the allowance of claims in the probate court were

parties to the record when judgments of allowance were entered or
became parties thereto before the term of court ended, their remedy
to correct any errors in the allowance of such judgment, by fraud or
otherwise, was by appeal.    (Page 119.)

3.  SAME—ALLOWANCE  OF  CLAIMS—REMEDY  OF  STRANGERS.—Where
parties who seek to set aside the allowance of claims in the probate
court did not become parties to the record during the term, then their
remedy to set aside the allowance for fraud in procuring the judgment
was by bill in equity.    (Page 119.)

Appeal from St. Francis Circuit Court;  *J. S. Thomas*,
Special Judge;   affirmed.

STATEMENT BY THE COURT.

On June 4, 1902, Henry P. Gorman, administrator in suc-
cession of the estate of Hiram Evans, deceased, acting under an
order of the probate court, made a sale of certain lands belonging
to said estate for the payment of debts which had been duly
probated and allowed by the probate court.    The sale was
confirmed by the probate court, and an appeal was taken to the
circuit court, where the sale was again confirmed.    In both the
probate and circuit courts exceptions were filed by the appellants
to the report of the sale.    These exceptions raised no objection
to the regularity of the proceedings of the administrator in
making the sale.    It is not anywhere contended that the ad-
ministrator did not pursue the orders of the court directing
him to make the sale, or that he did not follow the requirements
of the statute as to notice, appraisement, etc.    The exceptions
challenged the validity of the orders of the probate court al-
lowing the claims against the estate of Hiram Evans, deceased,
for the payment of which the order of sale was made, and to
pay which the lands were afterwards sold under the orders of
the probate court.

It is insisted in the various exceptions, which we deem it
unnecessary to set out here, that the orders of the probate court
allowing certain claims as expenses of the administration, and
certain other claims as demands against the estate, were illegal
and void for the reasons set up in the various exceptions.

The appellees asked and were permitted to be made par-
ties to the proceeding for the confirmation of the sale.    They
filed a plea of *res judicata*.    The appellants asked that the
questions raised by their exceptions to the report of sale and

their objections to the confirmation thereof be tried by a jury, which the court refused.

The court proceeded to hear the issues submitted upon the exceptions and the plea of former adjudication on the evidence that was introduced by both parties and affirmed the judgment of the probate court and confirmed the sale. Appellants filed a motion for a new trial in which they set up, among other things, that the court erred in confirming the sale, notwithstanding that there was newly discovered evidence in the record, since the order of the probate court confirming the sale was made, which clearly showed that the lands had been sold to pay debts of a drug store which belonged to the firm of Marcus Collins and John J. Evans, and which was not the property of Hiram Evans at his death (April 13, 1891), and never had been; also that the court erred because when the order of sale was made no administrator of the estate had filed a settlement which had been confirmed or recorded by the probate court; and because the probate court had never found, upon a settlement of the administrator's account, what amount of assets were in his hands, or that the personal property left by Hiram Evans was insufficient for the payment of his debts at the time of his death; and because the petition for the sale by the administrator did not state the amount of the assets in his hands to pay claims, nor the amount of the assets which had gone into the hands of his predecessor, who had died without making a settlement of his account; and because it had never been made to appear that all of the other assets except the land had been properly applied in payment of claims against the estate.

The motion for a new trial also set up that "the court erred in holding that it had no right to inquire into the illegality of the proceedings of the probate court, and no right in an appeal case to pass upon questions of fraud arising from the probate court proceedings." And further alleged that the court erred "in holding that the decree of the probate court ordering the sale of the lands of Hiram Evans's estate was conclusive as to the validity of the debts in controversy and as to the insufficiency of the personal estate to pay them, and that the heirs were bound by said decree of the probate court."

*J. R. Beasley*, for appellants.

1. Probate sales must be in substantial compliance with our statutes; otherwise they are at least voidable. Kirby's Digest, § 3793. Jurisdictional facts must be stated and appear of record. 13 Cal. 288; 1 Hill (N. Y.) 133; Redf. L. & P. Sur. Ct. 618; 22 Ark. 118; 48 *Id.* 151; 55 *Id.* 562; 60 *Id.* 369.

2. Fraud vitiates all contracts, even judicial sales. 22 Ark. 222; 33 *Id.* 425; 40 *Id.* 189; 9 Wheat. 532; 1 Ch. Pl. (16 Am. Ed.) 608; 34 Ark. 63; 20 *Id.* 309; 2 Bl. Com. b. 3, § 432; 13 Ark. 512; 1 Pet. 328; 60 Ark. 369; 33 *Id.* 425; 55 *Id.* 562.

3. The court which first obtains jurisdiction * * * must proceed to judgment, and can not be ousted by subsequent proceedings in another court having no supervisory or appellate authority. 36 Fed. 337; 7 How. 612; 16 Ohio 373; 49 Ark. 75; 88 *Id.* 153.

4. The only legal way to sell the assets of a decedent's estate is to follow the statute. Kirby's Digest, § 154-9; 53 Ark. 559.

5. This court always cures jurisdictional defects in all lower courts. 52 Ark. 341. The history of Arkansas is written in the story of the wreck of dead men's estates through the ignorance of probate judges. 52 Ark. 341.

6. The personal property must be exhausted before the real estate can be sold. 33 N. Y. Sup. 389; 127 N. Y. 296; 13 Ark. 507.

7. No settlement of the estate has ever been made. No debts can be created after death. 34 Ark. 211; 17 *Id.* 567; 56 *Id.* 159.

8. Claims illegally exhibited or allowed are subject to review and cancellation, even on collateral attack. 60 Ark. 327; Kirby's Digest, § § 115, 84, 221-3; 56 Ark. 159.

9. The question raised here has never been determined in any former suit. 65 Ark. 467. There is no question of estoppel. 34 Ark. 63; 22 *Id.* 572; Coke, Lyt. vol. 3, 467-8; 36 Ark. 96; 11 *Id.* 264; 43 *Id.* 21; 15 *Id.* 319; 30 *Id.* 385; 40 *Id.* 26; 16 Pet. 62.

*R. J. Williams* and *Norton & Hughes*, for appellee.

1. If the administrator's report shows a sale in compliance with the order of court after proper appraisement and

notice, the confirmation is invulnerable, except for fraud, accident, mistake, etc. *Jackson* v. *Gorman,* 70 Ark. 88. The words "without prejudice'' mean no bar to the assertion of any legal right, and the question of fraud is not barred by any statute. 70 Ark. 88.

2.` *Res judicata.* 76 Ark. 423.

3. The appeal should have been dismissed.

4. Lands can not be sold solely to pay expenses of administration. 92 Ark. 611; 74 *Id.* 81.

5. When heirs assent to irregularities, they can never complain. `163 Mass. 174; 5 Humph. 524; 78 Va. 111.

WOOD, J., (after stating the facts). In *Jackson* v. *Gorman,* 70 Ark. 88, the order of sale of July 21, 1897, was held to be valid. The appellants in this case were parties to that suit. In their amended answer and cross bill to the petition for the new order of sale made in the probate court, which they were resisting, they attack the order of sale of July 21, 1897. This court, in that case, speaking of that order of sale, said:

"The probate court had acted, and, presumptively, upon the proper showing made, and the term had passed without objection raised. The conclusion is that everything was properly done.''

This decision settles the question raised by the appellants as to the validity of the order of sale.

We deem it unnecessary to set out and discuss in detail the various exceptions presented in the probate court and in the circuit court to the confirmation of the sale made by the probate court, for, in our opinion, *Jackson* v. *Gorman, supra,* settles also adversely to them the various objections urged by appellants to the confirmation of the sale. In that case this court said:

"The amended answer and cross bill is mainly an attack upon the validity of the order of the probate court allowing the claims against the estate under the administration of James Evans, now also deceased, and made years ago. These allowances are in the nature of judgments, and after the expiration of the term are not within the control of the probate court. It follows that to attack them in the probate court would be in violation of all rules on the subject. The circuit court, on appeal, can have no other issues before it than had the probate

court from which the appeal is taken. These judgments of the probate court, moreover, were final after the expiration of the term at which they had been rendered, and could not be reopened by the probate court, and could only be called in question by appeal or by original bill in chancery on the allegation of fraud, accident or mistake.''

In the earlier case of *Carter* v. *Engles*, 35 Ark. 205, this court held that "the allowance of a claim in the probate court has the force and effect of a judgment." This court in that case also pointed out that where the allowance of a claim was procured by fraud between the creditor and the administrator, the remedy to parties interested was by appeal from the judgment of allowance, or, if the term had ended, by a proceeding in equity to set aside for fraud on the court in procuring the allowance. See other cases cited in the opinions above mentioned.

Kirby's Digest, § 125, provides: "The probate court shall have power to hear and determine all demands against any estate made agreeably to the provisions of this act, and cause a concise entry of the allowance to be made on the record, which shall have the same force and effect as a judgment."

This court, as early as 1843, in *Dooley* v. *Watkins*, 5 Ark. 705, in passing upon a similar provision, held that the allowance of a claim by the probate court has the force and effect of a judgment.

As late as 1909, this court, in the case of *Davis* v. *Rhea*, 90 Ark. 261, held that the allowance of a claim by the probate court was a judgment of a court. of competent jurisdiction, which could only be set aside on account of fraud in the procurement thereof. The same was held in *James* v. *Gibson*, 73 Ark. 440, and in *Scott* v. *Penn*, 68 Ark. 492. Other earlier cases are *McMorrin* v. *Overholt*, 14 Ark. 244; *Wright* v. *Campbell*, 27 Ark. 637; *Wolf* v. *Banks*, 41 Ark. 104; *Brown* v. *Hanauer*, 48 Ark. 277.

So it is thoroughly settled by statute and the decisions ·of this court that the allowance of a claim by the probate court has the force and effect of a judgment. If the parties who are seeking to set aside the allowance of such claims were parties to the record when the judgments of allowance were entered, or became parties thereto before the term ended, their remedy to correct any errors in the allowance of such· judgment, by

fraud or otherwise, would be by appeal.   If they did not become parties to the record during the term, then their remedy to set aside the allowance for fraud in procuring the judgment would be by bill in equity, as shown in the cases of *Scott* v. *Penn, Jackson* v. *Gorman,* and *James* v. *Gibson, supra.*

The cases of *Burgett* v. *Apperson,* 52 Ark. 213, and *Gorman* v. *Bonner,* 80 Ark. 339, cited by learned counsel for appellants are not in conflict with the principles above announced, and are not, as we believe, applicable to the question under consideration.

In *Burgett* v. *Apperson, supra,* no attack was made on the judgment of allowance upon which the order of sale was based. The appellant, Miss Burgett, who was an infant and heir at law, was permitted in that case to correct certain erroneous proceedings that inhered in the sale of the land.   It was expressly held in that case that there was a valid judgment upon which the order of sale and the sale itself were made, but the petitioner was not a party to the record when the confirmation of the sale took place, and she had lost her right of appeal by the erroneous action of the court in confirming the sale on a day not fixed by its order.   She had, therefore, lost the right of appeal through no fault of her own, and was permitted to resort to the writ of certiorari to correct erroneous proceedings by the administrator in making the sale.   It is said in that case:   "It must be conceded that the probate court proceeded irregularly in every step taken in that tribunal after entering the circuit court's order of sale upon its record."   In that case the lands were offered for sale without regard to their appraised value.   The administrator at the time of the confirmation of the sale was an imbecile.   The lands sold were the homestead of the petitioner. The debt for which they were sold amounted to $10,000, and the creditor purchased them at the sum of $17,000, when they were appraised at $79,340, and were offered in bulk at the sale to pay his debt.

Of course, if appellants were making an attack upon the proceedings of the administrator in making the sale, and not upon the judgment itself upon which the sale was based, the case of *Burgett* v. *Apperson* would be in point, but such is not the case.

In *Gorman* v. *Bonner* this court merely holds that one who

is sued at law on a legal liability and who allows judgment to go against him can not afterwards enjoin that judgment in equity upon some equitable grounds that were known to him before the judgment at law was rendered. In other words, that one who is sued at law must set up such defenses as he knew he had in that suit, and that if he fails to do so he can not afterwards seek relief against such judgment in a court of equity.

Another case upon which appellants rely is that of *Marshall* v. *Holmes,* 141 U. S. 589. In that case Mrs. Marshall sought by petition in the Federal court to enjoin certain judgments that had been rendered against her in the State of Louisiana. She alleged, among other things in her petition, that "all the judgments were obtained by false testimony and forged documents, and that equity and good conscience required that they be annulled and avoided." The petition set up specifically the facts upon which she alleged the injunction should be granted. In that case the court said: "The case evidently intended to be presented by the petition is one where, without negligence, laches or other fault upon the part of the petitioner, Mayer has fraudulently obtained judgment which he seeks, against conscience, to enforce by execution." The court further said: "It is the settled doctrine that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery."

The above cases, as we view them, have no application to the case at bar, for the reasons that the exceptions presented by appellants as objections to the confirmation of the sale in this case are nothing more nor less than a collateral attack upon the judgment of the probate court allowing the claims for the payment of which the lands were sold.

The order of the probate court allowing these claims, having the force and effect of a judgment, can not be attacked in this manner, according to the numerous decisions of our own court. Upon this view of the case it becomes unnecessary to pass upon the other question of *res judicata.* It follows

that the judgment of the circuit court was correct, and it is affirmed.