RHODES v. DRIVER.

## Opinion delivered April 28, 1913.

ADMINISTRATION—PAYMENT OF CLAIM BARRED BY STATUTE OF NONCLAIM.
—Where an administrator pays a note due by the deceased to one
D., which is barred by the statute of nonclaim, and the debt is a
just one, and the administrator's act was approved by the probate
court, the administrator and heirs of the deceased can not re-
cover the amount paid in an action against D. *Semble,* the widow
and heirs can not recover the amount from the administrator so .
paid to D. when the settlement of the administrator has been
approved by the probate court.

Appeal from Mississippi Chancery Court, Osceola
District; *Chas. D. Frierson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellant, J. W. Rhodes, the administrator of the
estate of J. P. Keiser, deceased, and his widow, and
minor heirs by their guardian brought this suit against
the executor of the estate of J. D. Driver, deceased, and
his heirs for the recovery of money alleged to have been
wrongfully paid by the administrator of the estate of
Keiser to the executor of the estate of Driver.

The complaint alleges that John P. Keiser died in-
testate on the 17th day of October, 1907; that J. W.
Rhodes was duly appointed his administrator in October
that year.; that on the 22d day of February, 1906, his in-
testate, Keiser, executed and delivered to J. D. Driver
his promissory note for nine thousand dollars, due five
years from date with interest, and secured same by his
trust deed on certain lands; that the executors and de-
visees of Driver's estate failed to authenticate and prop-
erly present said note as a claim against the estate of
Keiser to Rhodes, his administrator, and that said note
was "never duly verified and established according to
law" by said defendant and presented to said adminis-
trator within one year from the date of granting of let-
ters of administration to him, but that said defendants
did, on the 4th day of March, 1911, duly present a copy
of said note duly verified as required by law to him as
said administrator, and that the said J. W. Rhodes, as

such administrator, on the said 4th day of March, 1911, duly allowed said note.

It is alleged further, that the administrator of the Keiser estate and the defendants in this suit both believed that as Keiser's note was not due at the time of Keiser's death, that it was not necessary to present the same as a claim against the estate within the one year's time allowed by statute; and that the appellant, J. W. Rhodes, as administrator of the estate, deeming it his duty to pay said note, did pay it out of the funds of the estate on hand upon the following dates, and in the following amounts, towit:

Jan.   8, 1909, one year's interest...........$   630.00
May 24, 1909, one year's interest...........   630.00
Jan.   1, 1910, interest ....................   540.75
Jan. 20, 1911, one year's interest...........   630.00
Jan. 20, 1911, principal ....................   2,000.00
May 22, 1911, principal ....................   2,000.00
July 13, 1911, principal ....................   2,000.00
Nov. 13, 1911, principal ....................   3,000.00
Nov. 13, 1911, interest ....................     330.77

     Total ...............................$11,761.52

as principal and interest due upon said note. They allege that Rhodes, as administrator, had no authority under law to pay the said sum or any part of it out of the funds belonging to the estate; that the said fund in his hands was a trust fund; that all the debts probated against the estate had been paid and the balance of the estate, including said sum so paid to the executors of the Driver estate, was the property of the other plaintiffs, Susie C. Keiser, the widow, and Elizabeth Keiser and John P. Keiser, Jr., the minor children and only heirs, and, that they are entitled to recover said sum. It is further alleged that at a regular day of the probate court for the years 1910, 1911 and 1912, and, at the January term thereof, during each of said years, the said Rhodes, administrator, filed his annual settlement, in which he showed and alleged the payment of the sums as above

set out to the executors of the estate of J. D. Driver, and that each of the accounts were "by the probate court approved and became judgments of said court." "That the payment of said claims by the administrator," and including same in his settlement to the court was a violation of the rights of these plaintiffs, and in fraud thereof and in approving said accounts so filed, which were illegally paid; the probate court was either ignorant of the facts or the law, and that said judgments were procured by fraud and were in violation of or in fraud of the rights of these plaintiffs, who were not parties to said proceedings; and that said claims were not lawful debts. The said claims which could be paid by the administrator and the approval of said claims by the court was fraudulent, and in fraud of the rights of the plaintiffs who were not parties to the proceeding.

The prayer was, that the orders of the probate court approving and confirming the settlements of the administrator showing the said payments of the amount to the executors of the Driver estate be cancelled and set aside as in fraud of the rights of plaintiffs, and that they have judgment against the executors of J. D. Driver for the entire sum paid out on said note as principal and interest; and also asked a restraining order preventing the distribution of the fund by the Driver executors pending the suit. A general demurrer was interposed to the complaint, and by the court sustained; and the decree recited that the payments made by the administrator of the Keiser estate to the executor of the Driver estate was in satisfaction of a just debt which was secured by a trust deed executed by the said John P. Keiser, deceased, but which debt was barred by the statute of nonclaims. Upon due consideration of the demurrer, the court found that the complaint of the plaintiff was without equity and dismissed it. From this judgment the appeal is prosecuted.

*W. J. Lamb and J. W. Rhodes, Jr.,* for appellants.

1. Claims against an estate not presented to the administrator, properly verified, within one year from the

grant of letters, are barred; and this is true even though there is a will in which the executor is directed to pay all just debts. Acts 1907, p. 1170; 97 Ark. 546-549. It is true of all debts capable of being asserted in a court of justice, whether matured or not at the time of the death of the testator or intestate. 14 Ark. 253; 18 Ark. 334; 45 Ark. 299; 23 Ark. 604.

2. Under the law, the administrator was bound to plead the statute of nonclaim. 23 Ark. 291-302; 40 Ark. 75; 45 Ark. 495. Payment of a claim by an administrator after it was barred by the statute of nonclaims, is a conversion of a trust fund, and can be followed and recovered. 39 Ark. 577, 579.

**Here the fund was a simple trust fund** in his hands. One-third of the fund belonged to the widow under her right of dower. Kirby's Dig., § 2708; 5 Ark. 608, 614; 52 Ark. 1.

3. The beneficiaries of the trust fund are entitled to their day in court. 95 Ark. 180; 89 Ark. 553; 68 Ark. 494.

Payments made by the administrator under a mistake of fact superinduced by a mistake of law can be recovered. 13 Ark. 133-135; *Id.* 142; 49 Ark. 24, 34; 24 Ark. 366, 370; 1 Beach, Modern Equity, §§ 35, 37, 38, 39, 40, 41, 42; 2 Pomeroy, Eq. Jur., § 841; *Id.* §§ 849, 850; 55 Am. St. Rep. (Miss.) 488, and note at p. 503; 10 Am. Dec. 325, note; 23 Am. Dec. 155; Eaton, Eq. 259, 263; Lawson on Contracts, § 210; Clark on Contracts (2 ed.), 206; 50 Am. Dec. (Ga.) 375; 30 Cyc. 1315, 1316; 3 Pomeroy, Eq. Jur., § 1047, § 1048, and note "C;" 83 Ark. 275; 73 Ark. 324; 99 Ark. 553; 45 Ark. 549; 2 How. 619.

4. The showing made is sufficient to authorize relief in equity. 36 Ark. 383, 390, 391; 45 Ark. 505, 518; 34 Ark. 117; 60 S. C. 322; 95 S. W. 679; 28 Tex. 733; 18 Tex. 75; 33 Ark. 575, 581; 2 Pomeroy, Equitable Remedies (6 Eq. Jur.), §§ 847-850; *Id.* § 843; *Id.* §§ 872, 873, 880, and note; *Id.* §§ 885, 887, and note, 889, 892.

*J. T. Coston,* for appellees.

1. Since 1911, it is no longer necessary to probate a claim secured by mortgage. Castle's Supp., § 5399A.

2. The maxim, "He who seeks equity must do equity," presents an impassable barrier to the relief sought in this case. 1 Pomeroy, §§ 385, 391; 17 Pac. 227; 126 Fed. 51; 23 S. W. 464; 43 N. E. 599; 10 Peters 613; 13 S. W. 298; 26 Atl. 104; 55 N. W. 1067, 1068; 86 Fed. 998; 26 Pa. 205.

3. The widow and heirs had a complete remedy at law, and a resort to equity was unnecessary. 55 Ark. 55; 27 Ark. 97; Id. 157; 48 Ark. 331; 26 Ark. 649; 13 Ark. 630; 7 Ark. 520. In the absence of appeal, the judgment of approval is conclusive.

4. A court of equity will not vacate an administrator's settlement on account of the allowance of claims barred by the statute of limitations or the statute of non-claim, but, in order to overturn such a judgment in chancery it must be shown that there was fraud, not only in the original cause of action upon which the probate court judgment was based, but, also, that its judgment allowing the claim was obtained by fraud. 104 S. W. 548; 51 Ark. 409; 50 Ark. 228; 48 Ark. 390; 112 S. W. 380.

A court of chancery will not overhaul a judgment at law for errors. Van Vleet's Collateral Attack, § 724; 2 Black on Judgments, § 514.

KIRBY, J., (after stating the facts). It is insisted for appellants that since the administrator of the Keiser estate paid a note to the executor of the Driver estate, which had not been presented for allowance and classification against the Keiser estate within the one year allowed by statute to present such claims, that its payment was wrongful and a diversion of the trust fund in the hands of said administrator, and on that account that appellants were entitled to recover the sum so wrongfully paid from the executors and distributees of the Driver estate. The statute provides, "that all demands not exhibited to the executor or administrator" of an estate, as required by its provision, "before the end of one year from the granting of letters shall be forever barred." Act 438, approved May 28, 1907. This act only changed the law relative to the time when claims should

be presented against estates, shortening it, and did not dispense with the necessity for proper authentication of claims. *Kaufman Bros.* v. *Redwine,* 134 S. W. (Ark.), p. 1193.

The allegations of the complaint are sufficient to show that the note of Keiser made to Driver was not authenticated and presented to the administrator of Keiser's estate for allowance and classification within the one year allowed by statute from the granting of the letters of administration. And, it further alleged that on the 4th day of March, 1911, that the claim was duly presented and allowed as of that date. The allegations show that the interest was paid upon the note beginning January 8, 1909, and that besides other payments of interest, two thousand dollars of the principal was paid thereon on January 20, 1911, before the date of the allowance of the claim as alleged. These payments of interest and principal before the allowance of said claim at the date alleged as well as all those thereafter made were duly reported to the probate court by the administrator, and credit claimed therefor in his settlements, and all of said settlements were by said court duly approved and confirmed.

The administrator is chargeable with and liable to the payment of all assets coming into his hands, and he is the proper party to represent the estate in the matter of demands against it and to contest them if they are not proper claims, and should not be allowed. *Hall* v. *Rutherford,* 89 Ark. 553.

In the authentication of claims for presentation and allowance by an administrator of an estate, the law requires an affidavit of the justness of the demand in which it must be stated that nothing has been paid or delivered toward the satisfaction of the demand, except what is credited thereon, and that the sum demanded, naming it, is justly due; and if the executor or administrator shall be satisfied that the claim exhibited against the estate is just, he shall endorse thereon his approval of and allowance of same and the time it was exhibited. He is also

required to keep a list of such demands and class the same and make return thereof to the probate court. Kirby's Digest, § § 114, 121 and 122.

Our court, although it has said that an administrator should plead the statute of limitations in bar of a claim presented against the estate for allowance, it has nevertheless held that an administrator's settlement, claiming credit for payment of such a claim which could have been defeated by a plea of the statute of limitation, after its confirmation, will not be set aside by a court of chancery for fraud on that account. *Williams* v. *Risor,* 104 S. W. (Ark.) 548; *Dyer* v. *Jacoway,* 50 Ark. 228; *Conway* v. *Reyburn,* 22 Ark. 290. The administrator, of course, pays such a claim at his peril, for, if he be not allowed credit therefor by the probate court upon his settlement, he necessarily stands charged with the amount so paid, and he and his sureties remain liable therefor to those interested in the distribution of the estate.

It is doubtless also true that he should plead the statute of nonclaim against the allowance of all claims not presented within the time required under its provision, since it is the policy of the law to close up the administration of estates without too long delay, still, such statute does not militate against the justness of the demand.

In the instant case, it is not claimed that the note paid by the administrator to the executor of Driver's estate was not a just debt of the deceased, Keiser, nor that any part thereof had been paid; nor that the whole amount was not justly due; nor was any reason alleged for the recovery of the amount so paid but the technical one, that the administrator could have defeated its payment by a plea of the statute of nonclaim, and having failed to do so, that the executors and legatees of the estate of Driver became liable for the repayment of the money so alleged wrongfully to have been paid. It can not be said that Driver's executor received payment of a claim that was not a just one, and upon the principle that he who seeks equity must do equity, it would be in-

equitable and unjust to permit appellants to recover the money so paid to the executor of the Driver estate.

If the widow and heirs are entitled to recover the money at all, they must look to the administrator, whose duty it was to protect the estate against unjust and illegal claims, and the sureties upon his bond, for any moneys wrongfully paid out by him. And upon a proceeding against the administrator and his sureties, they will necessarily be confronted with his settlements, claiming credit for the money so paid, duly confirmed and approved by the probate court which thereby became binding upon all persons interested in the estate, and are judgments, and as such conclusive of all matters embraced in the settlements, and of all matters belonging to and within the scope of such proceedings. *Beckett* v. *Whittington,* 92 Ark. 235, 122 S. W. (Ark.) 534. Such judgments can not be set aside for fraud even if this were a proper proceeding for that purpose, the allegations of the complaint being insufficient under the authority of the following cases. *Floyd* v. *Newton,* 97 Ark. 464; *Bell* v. *Altheimer,* 99 Ark. 537; *McLeod* v. *Griffis,* 51 Ark. 1; *Mock* v. *Pleasants,* 34 Ark. 72; *Williams* v. *Risor,* 104 S. W. (Ark.) 548; *Dyer* v. *Jacoway,* 50 Ark. 228; *Conway* v. *Reyburn,* 22 Ark. 290.

It follows that the decree is right, and it is affirmed.