BRIGHT *v.* JOHNSON.

4-6379                                          152 S. W. 2d 540

Opinion delivered June 23, 1941.

*Norton & Butler,* for appellant.

*Mann & McCulloch* and *Harold Sharpe,* for appellee.

GRIFFIN SMITH, C. J.   Georgia Johnson, a person of unsound mind, died in April, 1940.  From December, 1926, Edd Hodges had been guardian.  An administrator was appointed in June, 1940, and two months later Daisy Bright, an aunt with whom the incompetent had resided, filed claim for $3,437.20.  She alleged the amount to be due as difference between a reasonable charge for services rendered and $2,862.80 paid during a period of slightly more than ten years.

Payments by the guardian varied from a low of $57.80 in 1933 to a high of $565 in 1939.  A uniform charge

of $50 per month is asserted. In the same claim the account of Hodges, guardian, for $960.03, was presented. Appellant's demand and that of Hodges were allowed by the administrator August 31—the same day presented; and in September there was court approval. February 10, 1941, at a term of probate court subsequent to that during which the claims were approved, the court set aside that part of the judgment allowing appellant $3,-437.20, and directed that a hearing on the merits be had. Daisy Bright has appealed.

The only question is whether the court had power to vacate its former adjudication.

Appellees are a sister and brothers of the deceased by the half-blood. Contention is they had no information of the claim; that the administrator is not a creditor, nor related to any of the parties, and was appointed to aid appellant in wrongfully acquiring the dead girl's estate. This is denied by appellant, who interposed a demurrer to appellees' substituted motion to vacate the judgment. When the demurrer was overruled a response was filed.

Appellees rely upon § 8246 of Pope's Digest for authority to have the judgment nullified, and have proceeded in the manner directed in § 8248.

That courts of record lose control of their judgments and decrees after lapse of the term and thereafter may not disturb them (except as provided by statute and for the purpose of making corrections, *nunc pro tunc,* in respect of misprision and clerical error) is well settled. *Spivey* v. *Taylor,* 144 Ark. 301, 222 S. W. 57.

Appellant insists that the judgment is erroneous because the petitioners did not allege they were parties to the proceeding in which judgment was rendered. The argument is that suit could be instituted in chancery court only. *Hoshall* v. *Brown,* 102 Ark. 114, 143 S. W. 1081.

In the Hoshall-Brown Case the language relied upon is: "These judgments of the probate court, moreover, were final after the expiration of the term at which they were rendered, and could not be reopened by the probate court, and could only be called in question by appeal or by original bill in chancery on the allegation of fraud,

accident or mistake." The statement is quoted from an opinion by Chief Justice Bunn, the case being *Jackson* v. *Gorman,* 70 Ark. 88, 66 S. W. 346. It was held in the Hoshall-Brown Case, written by Mr. Justice Carroll D. Wood, that certain decisions had no application to the case at bar "for the reason that the exceptions presented by appellants . . . are nothing more nor less than a collateral attack upon the judgment of the probate court. . . ."

It must be conceded that the statement by Chief Justice Bunn, if literally construed, supports contentions of appellants. But then, as now, the law which appears as § 8246 of Pope's Digest was in effect, and it must have been the purpose of the court to say that in the case under consideration the methods of relief mentioned were available. There was no express holding that the statute could not be invoked to set aside a probate court judgment.

In the Jackson-Gorman Case it was held, and reaffirmed in the Hoshall-Brown Case, that probate courts are courts of superior jurisdiction. See *Sewell* v. *Reed,* 189 Ark. 50, 71 S. W. 2d 191; *Branch* v. *Veteran's Administration,* 189 Ark. 662, 74 S. W. 2d 800; *Levinson* v. *Treadway,* 190 Ark. 201, 78 S. W. 2d 59.

In *Dunn* v. *Bradley,* 175 Ark. 182, 299 S. W. 370, the circuit court declined to reverse action of the probate court in refusing to set aside its judgment probating a will. This court affirmed, but said: "One of the grounds for vacating a judgment [of the probate court] after the expiration of the term is 'for fraud practiced by the successful party in the obtaining of the judgment or order.' Section 6290, C. & M. Digest, subdivision 4." [See, also, *Young* v. *Young, Guardian,* 201 Ark. 984, 147 S. W. 2d 736.]

On behalf of appellant it is argued that allowance of her claim by the probate court involved a special proceeding, as distinguished from a civil action. Pope's Digest, §§ 1229, 1230, 1231. But § 8246 of Pope's Digest applies to "The court in which a judgment or final order has been rendered." That an order of the probate court

allowing the claim of a creditor has the force and effect of a judgment was decided in *Jackson* v. *Gorman* and *Hoshall* v. *Brown, supra,* and in many other cases; and this being true, the remedy by which the claim was converted into judgment was an action. Appellant alleged an indebtedness, that it was unpaid, and invoked judicial power to the end that the claimed obligation might be collected. In view of expressions appearing in many decisions of this court to the effect that orders of the probate court have the force of judgments, we are not persuaded that it would be proper to hold that allowance of such claims must be classified as special proceedings and that § 8246 of Pope's Digest may not be resorted to, as in the instant case.

The close question, we think, is whether there was proof to sustain allegations of the substituted motion. The statement filed by appellant was not itemized other than through the entry of annual charges, corresponding credits, and a showing of the difference. Yet it must be presumed that the probate court had in mind all circumstances and facts relating to original approval when the order of revocation was made. The court knew what methods were practiced in obtaining judgment; and its finding that appellant's conduct constituted legal fraud will not, therefore, be disturbed. The same judge made both orders, and the imposition for which a judgment may be vacated after lapse of the term of a probate court (and after intervention of a new term) appears on the face of the record in the exhibit attached to the claim. There is no allegation of a contract with the guardian, although denial is made that no such contract existed. Pope's Digest, § 100. This denial is in appellant's response to the motion to vacate.

We think the ends of justice would be best served, and no rule of law violated, by holding that the probate judge did not abuse discretion of the court in avoiding the judgment and in directing that a hearing be had on the merits of the case. Appellant is now represented by able, ethical attorneys, who may be relied upon to protect her interests.

Affirmed.