SOUTHERN FURNITURE COMPANY *v.* MORGAN.

4-8621                                                    214 S. W. 2d 905

Opinion delivered November 22, 1948.

*Wayne Jewell,* for appellant.

*Walter L. Brown* and *Silas W. Rogers,* for appellee.

ED. F. McFADDIN, Justice. This is an appeal from an order of the Probate Court of Union county made on October 29, 1947, which vacated a previous judgment of March 12, 1947, in which the claim of the appellant had been allowed against the estate of D. E. Morgan, deceased.

On March 12, 1947, in the estate of D. E. Morgan, deceased, pending in the Probate Court of Union county, Arkansas, eight claims were allowed by the court. All eight were listed and allowed in the one order which recited filing, presentation, etc. It is unnecessary to list the first seven of these claims, as this appeal concerns only the eighth claim, which was allowed by the Probate Court in this language:

"8. That the claim of the Southern Furniture Company, in the sum of $1,508.65, being presented to the court and, after having heard evidence thereon, said claim is allowed in the said sum of $1,508.65, with interest thereon at the rate of 10% per annum from the

2d day of December, 1924, until paid, and classified as a Fourth Class claim. To which order of allowance the administrators at the time saved their exceptions.''

On August 1, 1947, there was filed in the Union Probate Court a duly verified motion to vacate the allowance of the said claim of the Southern Furniture Company. The motion alleged: (a) that the claim had been disallowed by the administrators, and ten days' notice of the presentation to the Probate Court had not been given as required by § 110, Pope's Digest[1]; (b) that the claim was not presented to the administrators within the time fixed by law and was barred by the non-claim statute (§ 97, Pope's Digest[2]; and (c) that the claimant knew all of the foregoing when the claim was presented to the probate court, and '' . . . that should it be permitted to stand as allowed by the court, it would work as a fraud upon the court and as an outlawed claim against the assets of the estate.''

The Motion to Vacate had this prayer: ''Wherefore, premises considered, your petitioners respectifully ask that the court again re-examine the claim and the evidence with reference to the date of its filing, and upon such re-examination or hearing, that the claim be disallowed.''

The Southern Furniture Company filed its general denial to the said motion. There was a hearing, and on October 29, 1947, the court made an order finding that the claim was presented to the administrator after the expiration of the time allowed by law, '' . . . and is barred by the statute of non-claim, further, that an order allowing the claim by the court on the 12th day of March, 1947, was made through inadvertence and mistake in that the date of the filing of the claim was not presented to the court at the time the order approving the same was entered or at any time prior thereto.''

From the said order of October 29, 1947, setting aside the judgment of allowance of March 12, 1947, the Southern Furniture Company brings this appeal; which presents the issues now to be discussed.

[1] See Ark. Stats. (1947) § 62-1017.
[2] See Ark. Stats. (1947) § 62-1003 for this section as amended.

I. *Terms of the Union Probate Court.* By Act 268 of 1945[3] it is provided that the various terms of the probate courts "shall be the same as now provided by law for the various chancery courts of the state." There are two divisions of the chancery court in Union county, Arkansas, being the First Division and the Second Division. The terms of these courts are fixed by § 9 of Act 5 of 1939.[4] The terms of the First Division of the Union Chancery Court are the "first Monday in March, July and November." The terms of the Second Division are the "first Monday in January, May and the third Monday in September." The original allowance of the claim here involved, as well as the order here appealed from, were in the Probate Court of Union county presided over by the Chancellor of the Second Division of the Union Chancery Court. Therefore, insofar as concerns this case, the terms of the Union Probate Court are those as fixed for the terms of the Second Division of the Union Chancery Court.[5] Those terms are the "first Monday in January, May and the third Monday in September." The judgment of March 12, 1947, allowing the claim of the Southern Furniture Company was in the January term of the Second Division, which term necessarily expired on the convening of the Court on the first Monday in May.[5]

II. *Filing of the Motion to Vacate.* The verified motion to vacate the judgment of March 12, 1947, was filed on August 1, 1947, which was a day in the May term of the court. The order here appealed from was made on October 29, 1947, which was in the September term of the court. So neither the motion to vacate nor the vacating order was at the same term of the court as the judgment allowing the claim.

[3] See Ark. Stats. (1947) § 22-503.

[4] See Ark. Stats. (1947) § 22-406.

[5] If, in any case, the Probate Court of Union County should be presided over by the Chancellor of the First Division of the Union Chancery Court, then the terms would begin the "first Monday in March, July and November." If the judgment of allowances here involved had been governed by the terms of the First Division Chancery Court, then the order of allowance would have been in the March, 1947, term, which necessarily expired upon the convening of the next term of the Court on the first Monday in July.

III. *Effect of the Order of Allowance.* The order of the Probate Court of March 12, 1947, allowing and classifying the claim, was a judgment, and could be set aside *after the term* only by making the same showing as required for vacating the judgment of any other court. This statement runs like a refrain through our opinions, to-wit: "The allowance and classification of a claim by the probate court has the force and effect of a judgment." See *Dooley* v. *Watkins,* 5 Ark. 705; *Crossit* v. *Biscoe,* 12 Ark. 96; *Carter* v. *Engles,* 35 Ark. 205; *James* v. *Gibson,* 73 Ark. 440, 84 S. W. 485; *Hoshall* v. *Brown,* 102 Ark. 114, 143 S. W. 1081; *Rhodes* v. *Driver,* 108 Ark. 80, 157 S. W. 147, Ann. Cas. 1915B, 258; *Shofner* v. *Jones,* 201 Ark. 540, 145 S. W. 2d 350; and *Bright* v. *Johnson,* 202 Ark. 751, 152 S. W. 2d 540.

Our statutes (being § 8246, *et seq.,* Pope's Digest[6]) prescribe the grounds, procedure and prerequisites for setting aside a judgment after the lapse of the term; and those provisions are applicable to judgments allowing claims in the probate court. *Carter* v. *Engles, supra*; *Davis* v. *Rhea,* 90 Ark. 261, 119 S. W. 271; *Hoshall* v. *Brown, supra;* and *Bright* v. *Johnson, supra.*

IV. *The Allegations and Evidence in the Case at Bar.* As previously stated, the motion to set aside the judgment alleged: (a) that the claim was disallowed by the administrators, and the ten-day notice was not given as provided by § 110, Pope's Digest[7]; (b) that the claim was barred by the non-claim statute;[8] and (c) that it would be a fraud to allow the claim to stand. ·

As to (a)—*i. e.,* failure to give the 10-day notice under § 110, Pope's Digest,[7]—there was no proof offered to support such allegation, so that issue passes out of the case. The fact, that eight claims were adjudicated in the one judgment of March 12, 1947, and that only this one is challenged by motion to vacate, is highly persuasive that the parties were before the court on March 12, 1947. The order allowing this claim shows

[6] See Ark. Stats. (1947) § 29-506, *et seq.*
[7] See Ark. Stats. (1947) § 62-1017.
[8] See Ark. Stats. (1947) § 62-1003. and also § 97 Pope's Digest.

the saving of exceptions to the allowance of the claim, and such would certainly be participation in the proceedings. Participation in the proceedings has been held to be a waiver of the statutory notice required by § 110, Pope's Digest.[7] See *Baskins* v. *Wylds,* 39 Ark 347 (local citation page 352).

As to (b)—*i. e.,* the statute of non-claim—all the evidence offered on the motion to vacate related to whether the claim allowed on March 12, 1947, was in fact barred by the non-claim statute. The statute of non-claim is a defense just as is the statute of limitations, and is lost if not pleaded. This is clearly stated and explained in *Rhodes* v. *Driver,* 108 Ark. 80, 157 S. W. 147, Ann. Cas. 1915B, 258; and *Clemmons* v. *Clemmons,* 198 Ark. 430, 128 S. W. 2d 994. So the benefit of the non-claim statute was lost by failure to plead it before the judgment was rendered on March 12, 1947.

As to (c)—*i. e.,* that it would be a fraud to allow the judgment of March 12, 1947, to stand—we reach the conclusion that the proof offered was entirely insufficient. Let us assume that the claim was not presented to the administrators within the time provided by law, and that such fact was not called to the attention of the probate court at the time of the judgment of March 12, 1947. The most that such evidence shows is that a mistake was made; it does not show fraud in the procurement of the judgment, which is the type of fraud that allows a judgment to be vacated under the fourth subdivision of § 8246, Pope's Digest, and which is the ground here relied on.

In *Carter* v. *Engles,* 35 Ark. 205, Chief Justice ENGLISH, speaking for this court, said: "The probate court had jurisdiction of the claims of Smith against the estate of Engles, with power to allow or reject them, and if the claims were barred by the statute of non-claim, which is but a statute of limitations, it was an error in the court to allow them, which might have been corrected on appeal, but the judgments of allowance are not void for such errors."

In *James* v. *Gibson,* 73 Ark. 440, 84 S. W. 485, Justice McCULLOCH said: "Whatever may have been the effect

of those proceedings, we think that all inquiry concerning alleged irregularities or frauds perpetrated there are concluded by the allowance in the probate court of Crittenden county in favor of appellee D. E. Gibson against the estate. That allowance was a judgment of a court of competent jurisdiction, and all parties are bound thereby, unless fraud be shown in the procurement thereof. The fraud which would vitiate the judgment must have been not alone in the original cause of action upon which the allowance was obtained, but that practiced in the procurement of the judgment. *Womack* v. *Womack,* 73 Ark. 281, 83 S. W. 937, 1136; *Scott* v. *Penn,* 68 Ark. 492, 60 S. W. 235; 1 Black on Judg. § 321; *Fears* v. *Riley,* 148 Mo. 49, 49 S. W. 836; *Zellerbach* v. *Allenberg,* 67 Cal. 296, 7 Pac. 908.

The proof here merely shows that the statute of nonclaim was not called to the attention of the probate court at the time the claim was allowed. This, at most, shows a mistake, but not a fraud. The evidence entirely fails to show fraud.

V. *Appellant's Right of Appeal.* Finally, we come to the question of the appellant's right to appeal from the order of October 29, 1947, which was the order vacating the previous allowance. This question is settled in *Raymond* v. *Young,* 211 Ark. 577, 201 S. W. 2d 583, wherein we said: "We first consider the contention of appellee that the decree of October 21, 1946, vacating a decree rendered at a former term of court is not a final and appealable order. It is insisted that the decree did not dispose of the issues since the case was set down for a new hearing, and that the appeal is, therefore, premature. This court held to the contrary in *Ayers* v. *Anderson-Tully Co.,* 89 Ark. 160, 116 S. W. 199. It was there said: 'The proceeding, under the statute, to have a judgment set aside which was rendered at a former term is equivalent to an independent action instituted for that purpose, and the order of the court either vacating the judgment or refusing to do so is final in the sense that it determines the rights of the parties under the judgment; even though, after vacating the judgment, it leaves the original action still pending for further pro-

ceedings.' See, also, *Knights Honor of the World* v. *Epps,* 123 Ark. 371, 185 S. W. 470; *Robinson* v. *Citizens Bank,* 135 Ark. 308, 204 S. W. 615. The subsequent decree vacating the former decree in the instant case was final and appealable even though the chancellor failed to grant appellee's prayer for a non-suit and left the cause pending for further hearing.''.

### Conclusion

It follows that the order of the Union Probate Court of October 29, 1947, is erroneous and is reversed; and the cause is remanded to the Union Probate Court with directions to vacate its said order of October 29, 1947, and leave in full force the judgment of March 12, 1947.